COMMONWEALTH *vs.* JOHN C. L. SODERQUEST.

Suffolk.    March 9, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Criminal,* New trial.   *Words,* " Trial", " New trial."

The power to grant a new trial to a defendant in a criminal case within one year of the original trial, which is conferred upon the Superior Court by R. L. c. 219, § 33, does not authorize that court to revoke a sentence founded upon a plea of guilty, an arraignment not being a trial.

INDICTMENT, found September 6, 1902, for assault with intent to kill. On September 16 the defendant was brought into court and pleaded guilty to the indictment. On September 29 he was sentenced to imprisonment in the State prison for a term of not more than eight nor less than seven years. On November 13 he filed a motion for a new trial on the ground that he was not guilty of assault with intent to kill and that he had pleaded guilty to that charge under a misapprehension of fact, having reason to believe and believing that he was pleading guilty to a charge of simple assault. On January 7, 1903, the defendant filed a motion asking the court to set aside or revoke the sentence, and that he be allowed to retract his plea of guilty and plead not guilty.

On January 9, 1903, both motions were heard in the Superior Court by *Bond,* J., who denied the motions upon the ground that under the law the court had no authority to grant them. The defendant alleged exceptions.

*M. Mackay,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth, submitted a brief.

KNOWLTON, C. J. On September 29, 1902, the defendant was sentenced in the Superior Court, upon his plea of guilty to an indictment for an assault with intent to kill, and we understand that the execution of the sentence was immediately begun, and that the sitting of the court was soon after adjourned without day. On November 13, 1902, he filed a motion for a new trial on the ground that he was not guilty of the crime, and that

he pleaded guilty under a misapprehension of fact. On January 7, 1903, he filed another motion, asking the court to revoke the sentence and to permit him to retract his plea and to plead not guilty. The court, after a hearing upon the motions, denied them on the ground that under the law it had no power to grant them. The defendant took exceptions.

In both of these motions the defendant asked the court, after the expiration of the sitting at which the case was ended, and after the record presumably had been fully made up, and a long time after he had entered upon the execution of his sentence, to revoke the sentence and to take new proceedings in the case, as if it were still pending. It is well settled that, apart from special statutory authority, the court had no jurisdiction to grant the motions. *Commonwealth* v. *Foster*, 122 Mass. 317, 323. *Commonwealth* v. *Mayloy*, 57 Penn. St. 291. *Ex parte Lange,* 18 Wall. 163, 174. In reference to a question like this, we are of opinion that the St. 1897, c. 490 (R. L. c. 157, §§ 24, 29, 33), which abolished criminal terms and established sittings instead, did not change the law. The reasons for the rule which permitted a sentence to be vacated and another to be substituted during the term in which it was imposed, and which forbade further proceedings after the case had been finally ended and the term adjourned without day, are equally applicable under our present statutes. *Commonwealth* v. *Weymouth*, 2 Allen, 144. *Commonwealth* v. *Foster*, 122 Mass. 317, 323. *Mason* v. *Pearson*, 118 Mass. 61. *Barnes* v. *Smith*, 104 Mass. 363. *Cameron* v. *M'Roberts*, 3 Wheat. 591. *Brown* v. *Rice*, 57 Maine, 55. The action asked for in the motions was entirely different from a correction of mistakes in their records, which is within the power of courts at any time. *Tilden* v. *Johnson*, 6 Cush. 354. *Fay* v. *Wenzell*, 8 Cush. 315. *Cheang-Kee* v. *United States*, 3 Wall. 320.

The defendant seeks to bring the first of his motions under the R. L. c. 219, § 33, which provides that, "the Superior Court may, at the sitting in which an indictment is tried, or within one year thereafter, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or if it appears to the court that justice has not been done, and upon such terms or conditions as the court shall order." All that the court can do under this

statute is to grant a new trial.   Unless a plea of guilty, which establishes the charges of the Commonwealth in a criminal case, is a trial or a part of a trial, the statute is not applicable to a case like this.

According to Bouvier's Law Dictionary a trial is " the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."   According to its popular meaning, and according to its technical meaning, the word " trial " cannot properly be used to designate an arraignment, and an entry of a plea by the defendant in a criminal case.   This proposition was established after elaborate discussion by Mr. Justice Story in *United States* v. *Curtis*, 4 Mason, 232.   See also the argument of counsel in *Commonwealth* v. *Hardy*, 2 Mass. 303.   Courts generally have given the word the limited meaning stated above. *Adams* v. *Howard*, 14 Vt. 158.   *Corwin* v. *Thomas*, 83 Ind. 110. *Zaleski* v. *Clark*, 45 Conn. 397.   *State* v. *Behimer*, 20 Ohio St. 572.   *Dodge* v. *Bell*, 37 Minn. 382.   *Hine* v. *Myrick*, 60 Minn. 518.   *Hunnel* v. *State*, 86 Ind. 431.   *Reed* v. *State*, 147 Ind. 41. *People* v. *Ormsby*, 48 Mich. 494.   *Benjamin* v. *Stewart*, 61 Cal. 605.   *Foley* v. *Foley*, 120 Cal. 33.   Many of the States have defined trial, or new trial, in their codes, and these definitions are in accordance with the contention of the Commonwealth in the present case.

The statute relied on by the defendant contains nothing to indicate that the term " new trial " is used in any other than its ordinary signification of a new determination of an issue which has once been determined between contending parties.   Indeed, the reference in the statute to the causes for which by law a new trial may be granted, implies that the term is used in its usual well known sense.   The history of the statute, which is stated fully in *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441, tends to confirm this view.

We are of opinion that the power to grant a new trial at any time within a year after the original trial, which is conferred upon the Superior Court by this statute, does not authorize the court, in a case like the present, to revoke a sentence founded upon a plea of guilty.   If the facts entitle the defendant to a remedy, it must be sought in another way.

*Exceptions overruled.*