COMMONWEALTH *vs.* FRANCIS M. PHELAN.

Suffolk.    October 7, 1929. — March 24, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Criminal,* New trial, Sentence, Vacation of judgment.  *Error, Writ of.*

A motion for a new trial of an indictment does not lie after a sentence has been imposed following a plea of guilty without a trial, although grounds of the motion are that, when he pleaded guilty, the defendant's mind was so affected that he did not comprehend the nature of the plea he made, and that he was innocent of the offences charged.

The Superior Court has no power to grant a motion for modification of a sentence if the motion was not filed before the end of the sitting at which the sentence was imposed.

In this Commonwealth, the writ of error *coram nobis* has become obsolete.

INDICTMENTS, found and returned on October 10, 1927, charging larceny.

The defendant pleaded guilty and on December 12, 1927, was sentenced to confinement in the State prison for a term of not more than five and not less than three years.

On October 19, 1928, the defendant filed as to each indictment the motion described in the opinion. The motions were heard by *Fosdick,* J., and were denied. The defendant alleged exceptions.

*D. L. Smith,* (*J. F. Cronan* with him,) for the defendant.

*F. T. Doyle,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.    The defendant was sentenced on December 12, 1927, on his pleas of guilty, on two indictments charging him with larceny, to the State prison and forthwith was committed on execution of the sentences. On October 19, 1928, he filed as to each indictment a motion bearing the caption "Motion to Vacate the Judgment in Said Case and for Leave to Withdraw the Plea of Guilty." In each motion it was represented in substance that at the time of said plea the defendant was not guilty but was innocent of the offences

charged; that at the time he made said plea his mind was so affected that he did not comprehend the nature of the plea so made; that upon the hearing on the motion he would present evidence to prove that he was innocent of the offences charged in the indictment, and that for various reasons he was not mentally responsible and was unable to appreciate that he had an absolute defence to the charges. The prayers in substance were that the judgment be vacated, that he be allowed to withdraw his previous plea and to enter a plea of not guilty, and that he have a trial by jury. When the motions came on to be heard, the defendant requested rulings of law to the effect that the court had power to grant the motions. These requests were denied. The judge refused to hear any evidence in support of the allegations set forth in the motions, refused to make findings of fact and denied the motions as matter of law. The defendant's exceptions bring the case here.

The rulings and the disposition of the motions were right. So far as the motions were in the nature of motions for a new trial, they were denied rightly because a motion for a new trial does not lie where there has been sentence on plea of guilty without trial. So far as these motions related to modification of sentence they could not be considered because manifestly not filed before the end of the sitting at which the sentence was imposed. *Commonwealth* v. *Soderquest*, 183 Mass. 199, 200, 201. It was said in *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 20: "An unexecuted sentence may be revised before the end of the sitting . . . After sentence has been pronounced three methods of relief alone are open to a defendant in a criminal case: (1) motion for new trial under the statute . . . (2) writ of error, (3) appeal for clemency to the Governor."

An elaborate argument has been addressed to us in support of the proposition that the motions ought to be treated as petitions for the common law writ of error *coram nobis*, and that the Superior Court has jurisdiction of such writs. That contention cannot be supported. It was said in *Commonwealth* v. *Sacco*, 261 Mass. 12, 17, as the conclusion of adequate discussion of the law of this Commonwealth, "that

the writ of error *coram nobis* at common law has become
obsolete in view of the express purpose of the Legislature
as manifested by the statute. *Commonwealth* v. *Rollins*, 242
Mass. 427, 430, 431." All that there was said although in
reference to a capital crime is equally applicable to other
crimes. It is adopted as the basis of this decision. It is
decisive against this defendant. The writ of error provided
by G. L. c. 250, §§ 9–13, as amended by St. 1925, c. 279,
§ 3, and St. 1926, c. 329, § 7, covers the whole subject in the
way intended by the Legislature. Other provisions of the
common law, including such as are remedial in nature, are
thereby superseded. *School Committee of Lowell* v. *Mayor
of Lowell*, 265 Mass. 353, and cases there cited. *O'Connor* v.
*Boyden*, 268 Mass. 111, 114. See *Blankenburg* v. *Common-
wealth*, 260 Mass. 369, 376; *Bornstein* v. *Justices of the
Municipal Court*, 269 Mass. 515. Therefore it would be
superfluous to review decisions concerning the writ of error
*coram nobis* in other jurisdictions, where statutory provisions
and practice are different from our own. See *United States*
v. *Mayer*, 235 U. S. 55, 67–69.

The question whether ground for relief was set out in the
offers of proof presented by the defendant need not be con-
sidered.

*Exceptions overruled.*