COMMONWEALTH *vs.* SAMUEL C. BRODY
(and a companion case against the same defendant).

Suffolk.    January 7, 1952. — April 1, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Practice, Criminal,* Plea, Imposition of sentence, New trial, Vacation of
sentence.

No impropriety in acceptance of a plea of guilty and imposition of sen-
tence in a criminal case appeared on the ground that the court did not
first ascertain the defendant's mental condition, where he had refused
to submit to a mental examination under G. L. (Ter. Ed.) c. 123,
§ 100A, and failed to disclose to the court a report of his own psychia-
trist showing that he had a psychosis, was disordered mentally and
was in need of mental treatment.
A motion for a new trial in a criminal case does not lie after the defendant
has pleaded guilty and been sentenced without a trial.
A motion for modification of sentence in a criminal case cannot be granted
where it was not filed before the end of the sitting at which sentence
was imposed.

INDICTMENTS found and returned on July 8, 1949.

Petitions described in the opinion were heard by *Higgins,*
C.J.

*E. M. Dangel,* (*L. E. Sherry & C. J. Austin* with him,) for
the defendant.

*F. T. Doyle,* Assistant District Attorney, for the Common-
wealth.

WILLIAMS, J.    These are two petitions, identical in form
and content, by the defendant, who is serving a sentence in
the State prison, to "vacate [his] sentence, withdraw [his]
plea of guilty and obtain trial on the merits."

The petitions and the record disclose the following facts.
Seven indictments containing sixty-five counts for larceny
were returned against the defendant by the grand jury of
Suffolk County on July 8, 1949.    He was arraigned on
July 12, 1949, pleaded not guilty, and was admitted to bail.

In May, 1950, he was notified by the department of mental health to report for a mental examination under the provisions of G. L. (Ter. Ed.) c. 123, § 100A. He did not report. On May 25 and June 2 at the instance of his counsel he was examined by a psychiatrist, whose report to counsel is annexed to the petitions. The report stated in substance that the defendant had a "psychosis," was "in an extremely disordered mental state," and required treatment in a mental institution. On June 5, 1950, the defendant pleaded guilty to the seven indictments before a judge of the Superior Court. His counsel did not inform the judge of the psychiatrist's report. The indictments were continued for disposition and on October 9, 1950, were brought forward before another judge of the Superior Court on motion for sentence. No objection was made to the imposition of sentence by a judge other than the one who had received the pleas of guilty nor was reference made by counsel to the psychiatrist's report. On indictment numbered 41 the defendant was sentenced to a term of from three to five years in the State prison and on indictment numbered 42 to a like term to be served from and after the expiration of the first sentence. The other indictments were placed on file. Execution of the first sentence began immediately. On October 13, 1950, the defendant filed appeals to the Appellate Division of the Superior Court under G. L. (Ter. Ed.) c. 278, §§ 28A–28D, inserted by St. 1943, c. 558, § 1, and amended, which appeals, after a hearing at which the defendant was personally present, were (on November 30, 1950) dismissed. The present petitions were filed on September 21, 1951.

The defendant alleges that, at the times he pleaded guilty, was sentenced, and appeared before the Appellate Division, he was mentally unsound, unable to understand his position, and incapable of consulting intelligently with counsel; that he was "rushed into trial"; and that his constitutional rights were violated by the imposition of sentence by a judge other than the one before whom he pleaded guilty. The judge before whom the petitions came for hearing refused to hear testimony as to the defendant's mental ca-

pacity and denied each petition "as a matter of law." The defendant's exceptions are to this refusal to hear testimony and to the denials of the petitions.

We think the defendant has no just cause of complaint in respect to the proceedings which resulted in the imposition of the sentences. These proceedings were in accordance with the established procedure of our courts and afforded the defendant full opportunity to present any defence which he may have had. There was no lack of due process. See *Commonwealth* v. *Coggins,* 324 Mass. 552, 556–557.

He was not "rushed into trial" and throughout the prosecution had the benefit of experienced and skilful counsel. Although he now contends that the court should have ascertained his mental condition before accepting his pleas and imposing sentence, he refused a mental examination by the department whose duty it was to determine that condition and failed to disclose to the court the report of his own psychiatrist on which he now relies. In the absence of evidence to the contrary the judge could rely on the presumption that the defendant was sane. *Commonwealth* v. *Heath,* 11 Gray, 303, 304. *Commonwealth* v. *Belenski,* 276 Mass. 35, 45. While the defendant was not required to submit to a mental examination his refusal did not prevent the Commonwealth from putting him on trial. *Commonwealth* v. *Gray,* 314 Mass. 96, 104–105. See *Commonwealth* v. *Vallarelli,* 273 Mass. 240, 249; *Commonwealth* v. *Belenski,* 276 Mass. 35, 43. He made no objection to sentence by a judge other than the one before whom he had pleaded. The authority of this judge to impose sentence cannot be doubted. See *Commonwealth* v. *Gedzium,* 261 Mass. 299; *Peterson* v. *Hopson,* 306 Mass. 597, 603.

But apart from the merits of the defendant's contentions we think the Superior Court was without jurisdiction to act upon the petitions. The point involved was decided in *Commonwealth* v. *Phelan,* 271 Mass. 21. In that case and in *Commonwealth* v. *Soderquest,* 183 Mass. 199, the methods of relief from a final judgment in a criminal case are clearly stated. If these petitions be treated as motions for new

trial, they were denied rightly because a motion for a new trial does not lie where there has been sentence on a plea of guilty without trial. After the decision in the *Phelan* case, G. L. (Ter. Ed.) c. 278, § 29, which provided for the granting of new trials in criminal cases, was amended by St. 1939, c. 271, § 1, by adding to the provision that a new trial may be granted if it "appears to the court that justice has not been done" a further provision for a new trial if it appears to the court that justice "cannot be" done. As this amending clause only states an additional cause for a new trial, it has no application to a case in which there has been no trial.

The petitions could not be considered as motions for modification of sentence because not filed before the end of the October sitting when the sentences were imposed. *Commonwealth* v. *Phelan*, 271 Mass. 21, 22. *Commonwealth* v. *Soderquest*, 183 Mass. 199, 200–201. See also *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 20; *Fine* v. *Commonwealth*, 312 Mass. 252, 256–257. The petitions were properly denied. It necesarily follows that there was no error in refusing to take testimony.

*Exceptions overruled.*