PAUL J. GUILMETTE *vs.* COMMONWEALTH.

Suffolk.    May 7, 1962. — June 11, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Error, Writ of.   Practice, Criminal,* Appeal with assignment of errors.

A criminal case made subject to G. L. c. 278, §§ 33A–33G, as amended, continued subject thereto following a plea of guilty during the trial. [528]

G. L. c. 250, § 11, does not leave to the discretion of a justice of this court the issuance of a writ of error upon a judgment in a criminal case subject to the procedure of c. 278, §§ 33A–33G, as amended, where such procedure does not provide an effective method of appeal for the subject matter on which the defendant relies in seeking the writ; in such circumstances the writ should issue as of course. [528–529]

An exception to the denial by a single justice of this court of a petition for a writ of error to reverse a judgment against the petitioner in a criminal case subject to G. L. c. 278, §§ 33A–33G, as amended, was sustained where the petition alleged that during the trial of the case the petitioner was coerced into pleading guilty in violation of his constitutional rights and the allegation had not been heard on the facts. [527–528, 529]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on October 18, 1961.

The case was heard by *Williams,* J.

*Paul J. Guilmette* pro se.

*James W. Bailey,* Assistant Attorney General (*Manuel Morse,* Assistant Attorney General, with him), for the Commonwealth.

WILKINS, C.J.    This is a petition for a writ of error to reverse judgments rendered on December 20, 1960, in the Superior Court, Worcester County, in indictments for rape, robbery, violation of automobile laws by driving after suspension of license, and kidnapping.   Among other things, it alleges in some detail that the petitioner, who was represented by counsel, in violation of his constitutional rights was coerced into pleading guilty to all the indictments.

The single justice denied the petition. The petitioner excepted.

The docket entries in the Superior Court show that the cases were made subject to G. L. c. 278, §§ 33A–33G, as amended. General Laws (Ter. Ed.) c. 250, § 11, provides: "A writ of error upon a judgment for a capital crime, murder in the second degree or manslaughter, or any other felony made subject to sections thirty-three A to thirty-three G, inclusive, of chapter two hundred and seventy-eight as provided in section thirty-one of said chapter, shall not issue, unless allowed by a justice of the supreme judicial court after notice to the attorney general or other attorney for the commonwealth; but a writ of error upon a judgment in any other criminal case shall issue as of course, but it shall not stay or delay the execution of the judgment or sentence, unless by an express order of a justice of the supreme judicial court, who may make a further order for the custody of the plaintiff in error or for releasing him on bail."

The petitioner contends that he was entitled to a writ as of course. The trial, according to the docket, began on December 5, 1960, and his pleas of guilty were entered on December 15, 1960. Sentences were imposed on December 20, 1960. His reasoning seems to be that after the pleas there was no longer a "criminal trial"; that there were "Judgments on a plea of guilty — without trial"; and that inferentially the cases ceased to be made subject to G. L. c. 278, §§ 33A–33G, as amended. We are of opinion, however, that the cases continued to be thus subject.

It does not follow, however, that the petitioner cannot have a writ as of course. If he is limited to the procedure afforded by §§ 33A–33G, there would be nothing in the transcript of the evidence for the days of trial which would be of the slightest materiality to the issue of coercion, even assuming that there would be an "opinion, ruling, direction or judgment" (§ 33B) to which he could properly except. It could not have been within legislative intent to restrict the granting of a writ of error in such a case to the discre-

tion of the single justice. The statutes establishing the procedure now found in G. L. c. 278, §§ 33A–33G, were St. 1925, c. 279, § 1, and St. 1926, c. 329, §§ 1–5. These statutes also amended G. L. c. 250, § 11, and restricted the types of cases in which a writ of error would issue as of course. St. 1925, c. 279, § 3. St. 1926, c. 329, § 7. See *McGarty* v. *Commonwealth,* 326 Mass. 413, 414. A reasonable interpretation of § 11 is that the writ of error was not intended to be made discretionary in cases where c. 278, §§ 33A–33G, would not provide an effective method of appeal for the subject matter on which the defendant relies. If it had been the legislative intent further to restrict procedure by writ of error, there would be considerable doubt as to how to try out the issue of coercion or any of the issues of fact which there was no legally sufficient opportunity to litigate at the trial. See *Guerin* v. *Commonwealth,* 337 Mass. 264, 268–269; *Sandrelli* v. *Commonwealth,* 342 Mass. 129, 141–143.

In *Newton* v. *Commonwealth,* 333 Mass. 523, 530, the writ of error was heard by a single justice, who found against the petitioner's contentions that his representation by counsel in the trial court was inadequate and that pressure was placed upon him to plead guilty. In the case at bar the charges are more serious and have not been heard on the facts. It is not pertinent in these circumstances to argue that the petitioner's allegations do not have to be accepted as true.

*Exceptions sustained.*