COMMONWEALTH *vs.* SALVATORE BURRONE.

Suffolk. April 29, 1964. — May 5, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Criminal,* Sentence.

After expiration of the sixty day period specified in G. L. c. 278, § 29, as amended by St. 1957, c. 302, within which the Superior Court might revise or revoke a sentence imposed without trial after a plea of guilty, a judge had no power to grant a motion for reduction of sentence then proffered by the defendant and filed by order of court and entitled in part "Orders Nunc Pro Tunc, Chapter 302, Act of 1957."

Two INDICTMENTS found and returned on November 6, 1961.

In the Superior Court a motion for reduction of sentence was denied by *Murray, J.*

The case was submitted on briefs.

*Charles F. Barrett* for the defendant.

*Garrett H. Byrne,* District Attorney, *& Joseph A. Melley,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant on December 19, 1961, pleaded guilty to two indictments, one for armed robbery on which he received a sentence of not more than thirty, nor less than fifteen, years, and another for assault with intent to murder on which he received a sentence of not more than

twenty, nor less than fifteen, years, to be served concurrently. He immediately started to serve the sentences. More than ten months later the defendant mailed to the clerk of the Superior Court for criminal business a paper entitled "Motion for Reduction of Sentence. Orders Nunc Pro Tunc, Chapter 302, Act of 1957." This motion was received by the clerk on October 23, 1962, but was not filed by order of court until October 31, 1962. On February 26, 1963, there was a hearing on the motion before a judge of the Superior Court. The only issue was a reduction of sentence; a new trial expressly was not sought both by the terms of the motion and by statements of his counsel made at the hearing. On March 19, 1963, the judge denied the motion, ruling that he had no power to grant it. The defendant duly excepted.

The first sentence of G. L. c. 278, § 29, as amended by St. 1957, c. 302, read, "The superior court may, at the sitting in which a complaint or indictment is tried, or within one year thereafter, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or if it appears to the court that justice has not been or cannot be done, and upon such terms or conditions as the court shall order, *and said court may within sixty days after a sentence is imposed, if it appears to the court that justice has not been or cannot be done, and upon such terms or conditions as the court shall order, revise or revoke a sentence imposed without trial after a plea of guilty or nolo contendere, and in the event of revocation permit the withdrawal of the plea upon which the sentence was imposed.*" The words in supplied italics were added by the amendment, and by a still later amendment (St. 1962, c. 310, § 2) were in substance transferred to a new § 29C.

The motion concededly was not filed within sixty days after sentence. The defendant, however, contends that the words *nunc pro tunc* in the title of the motion coupled with the judge's order that the motion be filed had the same effect as if it had been so filed. The judge, however, did not by implication allow the motion to be filed as of an unstated

earlier date within sixty days of sentence. He correctly ruled, in effect, that he had no power thus to extend the time beyond that prescribed in the statute. *Diggs* v. *Diggs,* 291 Mass. 399, 402–403. *Jordan Marsh Co.* v. *Barry,* 295 Mass. 210, 213. *Hackney* v. *Butler,* 339 Mass. 605, 608. See *Whitley* v. *Superior Court,* 18 Cal. 2d 75 (not overruled on this point in *Dempsey* v. *Market St. Ry.* 23 Cal. 2d 110, 116); *Lukas* v. *Lukas,* 381 Ill. 429, 431; *Savanah Bank* v. *State,* 95 Tex. Cr. 384, 389. This is not a case of an attempt to correct a mistake. See *Perkins* v. *Perkins,* 225 Mass. 392, 396.

*Exceptions overruled.*