CLAIRE LANE ANGERS, administratrix, petitioner.   December 30, 1966. This is a petition to establish exceptions which were disallowed in the Superior Court as not conformable to the truth.   G. L. c. 231, § 117, as amended through St. 1960, c. 207, § 4.   The single justice found that the exceptions did not conform to the truth, and ruled that the bill of exceptions was properly disallowed.   He ordered that the petition be dismissed and the petitioner excepted.   This ruling was right.   *Scano, petitioner,* 338 Mass. 7.

*Exception to order dismissing petition overruled.*

*J. Edward Fitzgerald* for the petitioner.
*Philip O'Brien, Jr.,* for the respondent.

COMMONWEALTH *vs.* THOMAS A. McGARTY.   January 5, 1967.   On January 19, 1965, McGarty was on parole from 1957 and 1962 sentences to the Massachusetts Correctional Institution, Walpole (M.C.I.).   On February 11, 1965, he was convicted of two offences committed on January 19, 1965, and on the next day was sentenced to M.C.I. for two concurrent terms of two and one-half years.   As of January 19, 1965, the parole board revoked McGarty's parole on the 1957 and 1962 sentences.   No service has been made of the revocation warrants.   McGarty asserts that the warrants were merely lodged at the county jail, where he was confined.   On May 7, 1965, he filed a motion for revision of the 1965 sentences.   In effect he contended that the parole board acted arbitrarily in failing, prior to the 1965 sentences, to return him to M.C.I. on the revocation warrants.   He argued that, as a consequence, it became impossible for the trial judge to make the 1965 sentences concurrent with the unserved balance of the earlier sentences.   The trial judge, on January 7, 1966, denied the motion and refused to order the surrender of McGarty on the earlier sentences. He stated that he had imposed the 1965 sentences "in view of all the circumstances" and was "not disposed to change the sentence[s] in any way."   McGarty claimed this appeal under G. L. c. 278, § 33B.   Because, however, it was not taken "within twenty days after verdict," it was not timely under § 33B.   See *Commonwealth* v. *Rodriquez,* 333 Mass. 501, 502. Cf. *Commonwealth* v. *Millen,* 290 Mass. 406, 411, fn. (dealing with a motion for a new trial, a type of motion expressly mentioned in § 33B). Even if the question had come before us properly (but see G. L. c. 278, § 29C, inserted by St. 1962, c. 310, § 2; *Commonwealth* v. *Burrone,* 347 Mass. 451, 452–453), it would have been governed by *Kleczka* v. *Commonwealth,* 350 Mass. 74, 76–77.   The parole board's failure to serve the revocation warrants did not constitute interference by the board with the judicial function, nor has there been any denial to McGarty of the equal protection of the laws.   General Laws c. 279, §§ 8 and 8A, and *Brown* v. *Commissioner of Correction,* 336 Mass. 718 (relied upon by McGarty), would not require any different result.

*Appeal dismissed.*

*Edward J. Harrington, Jr.,* for the defendant.
*Joseph P. Harrington,* Assistant District Attorney, for the Commonwealth.