COMMONWEALTH *vs.* WILLIAM L. L'ITALIEN.

Essex.    March 6, 1967. — April 27, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Plea, Jury trial.    *Constitutional Law,* Trial by jury, Due process of law.

The voluntariness of a plea of guilty in the Superior Court to an indictment or a complaint was not an issue "of fact joined upon an indictment or complaint" within G. L. c. 278, § 2, and was not required by § 2 to be determined by a jury upon a motion to vacate the plea; nor was a jury trial of the issue of voluntariness required by art. 12 of the Declaration of Rights of the Massachusetts Constitution.

COMPLAINT received and sworn to in the District Court of Southern Essex on February 6, 1963.

TEN INDICTMENTS found and returned in the Superior Court on May 17, 1963.

Following an appeal to the Superior Court on the complaint and the return of the indictments, there were pleas, and motions heard by *Good, J.,* as described in the opinion.

*Sanford M. Konstadt* for the defendant.

*Peter J. Cahill,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J.    There was a complaint against the defendant for carrying a revolver on his person without a permit.

In addition, ten indictments were returned by the Essex County grand jury on May 17, 1963, charging the defendant with conspiring to commit and committing various acts of breaking and entering in the nighttime with intent to commit larceny. He pleaded not guilty to all charges on May 20, 1963. On May 27, 1963, while represented by counsel, he retracted each plea and pleaded guilty. After a hearing, the defendant was sentenced on one indictment, and the complaint and the other indictments were placed on file.

On February 24, 1964, the defendant filed a motion to vacate his plea of guilty. On May 20, 1964, after a hearing in which the defendant presented witnesses in his behalf, the judge denied the motion and the defendant excepted. The defendant then filed a motion for a rehearing of his motion to vacate the plea of guilty. On November 19, 1965, after a hearing, the motion was denied and the defendant excepted. On January 31, 1966, the judge filed a memorandum reciting the history of the case and his reasons for denying the motions. The case is here on the defendant's exceptions.

The only error claimed by the defendant is that the "issues of fact raised by his motion to vacate his plea of guilty . . . should have been submitted to a jury for determination and that this submission to a jury trial was a matter of right and not judicial discretion."[1] This argument is without merit.

General Laws c. 278, § 2, relied on by the defendant, provides as follows: "Issues of fact joined upon an indictment or complaint shall, in the superior court, be tried by a jury drawn and returned in the manner provided for the trial of

---

[1] General Laws c. 278, § 29C (inserted by St. 1962, c. 310, § 2), provides as follows: "If it appears to the superior court that justice has not been done or cannot be done, it may within sixty days after a sentence has been imposed, upon such terms and conditions as it shall order, revise or revoke any sentence imposed: if such sentence was imposed without trial after a plea of guilty or nolo contendere the court may in the event of such revocation permit the withdrawal of the plea upon which the sentence was imposed." We note that the defendant filed his motions long after the expiration of sixty days. The Commonwealth, however, did not raise this issue. Cf. *Commonwealth* v. *Burrone,* 347 Mass. 451.

issues of fact in civil causes, unless the person indicted or complained against elects to be tried by the court as provided by law." The voluntariness of the entry by the defendant of a plea of guilty, even though an issue of fact, was not an issue "of fact joined upon an indictment or complaint" and clearly was not required to be determined by a jury.

Neither can the defendant validly base his claim of error on art. 12 of the Massachusetts Constitution, which provides in material part, "[E]very subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be . . . deprived of his . . . liberty . . . but by the judgment of his peers, or the law of the land. And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment . . . without trial by jury."

The record shows that a hearing was held in which the defendant presented witnesses in support of his claim that his plea of guilty was not freely given. It has never been required that a jury hear and determine every issue of fact raised prior to and after a trial of one accused of crime in order to afford him due process of law. See *United States ex rel. Best* v. *Fay, Warden*, 239 F. Supp. 632, 633 (S. D. N. Y.). The defendant was entitled to a jury trial only on those issues of fact raised by the indictment and in pleading thereto. By pleading guilty, all facts well charged in the indictment were admitted, trial by jury was waived, and nothing was left to be done but pass sentence. *Commonwealth* v. *Mahoney*, 115 Mass. 151, 152. See *Commonwealth* v. *Moniz*, 336 Mass. 178.

The defendant argues that assuming "the validity of . . . [his] claim that improper pressure was brought to bear . . . so as to vitiate . . . his consent . . . it becomes illogical to assert that this coerced plea is a free, voluntary waiver of a constitutionally protected right to a trial by jury." But the precise issue before the judge was the vol-

untariness of the guilty plea. No "assumption" could be made that the plea was coerced. That was an issue of fact to be determined by the judge. *Commonwealth* v. *Crapo,* 212 Mass. 209, 210. Upon the finding that the guilty plea was entered voluntarily, it followed that a jury trial on the merits of the indictment had been waived. No other issues of fact required determination by a jury.

The defendant is quite mistaken in his argument that "Article XII of the Bill of Rights does not differentiate between stages of a legal proceeding." The requirements of due process before trial are different from such requirements during trial. See *Commonwealth* v. *Millen,* 289 Mass. 441, 456–457. Trial by jury itself is subject to reasonable regulation by the Legislature. *Commonwealth* v. *Bellino,* 320 Mass. 635, 640. There was no error in the denial of the defendant's motions.

*Exceptions overruled.*