FRANK T. BOLDUC *vs.* COMMISSIONER OF CORRECTION.

Suffolk.    April 8, 1969. — May 1, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Criminal,* Mittimus, Sentence, Correction of court record.

Where, in sequence, one was sentenced to a correctional institution for life and then received additional sentences for varying terms of years to be served from and after the expiration of the life sentence and finally received a second life sentence to take effect "from and after the expiration of the [life] sentence" then being served, but the mittimus issued under the second life sentence recited that it should take effect from and after the expiration of "all previous sentences to be served," a judge of the Superior Court, eight years after imposition of the second life sentence, rightly ordered the mittimus corrected to read that the second life sentence should take effect from and after the expiration of the first life sentence and that all sentences for years imposed between imposition of the two life sentences should run concurrently with the term set forth in the corrected mittimus; nothing in G. L. c. 278, § 29C, inserted by St. 1962, c. 310, § 2, prevented such correction.

BILL IN EQUITY filed in the Superior Court on June 24, 1968.

The suit was heard by *Bennett,* J.

The case was submitted on briefs.

*P. J. Piscitelli* for the plaintiff.

*Robert H. Quinn,* Attorney General, & *Bruce G. McNeill,* Deputy Assistant Attorney General, for the Commissioner of Correction.

SPALDING, J.   This bill for declaratory relief was heard on the pleadings, the answer having admitted all the facts essential to a determination of the controversy.

On March 14, 1956, the plaintiff was sentenced to the Massachusetts Correctional Institution at Walpole (Walpole)

for life.  On December 26, 1956, a sentence of not less than two years nor more than three years was imposed, to. be served "from and after sentence being served."  On March 13, 1957, he received a sentence of not less than seven years nor more than ten years to be served "from and after the expiration of the sentence now being served in the M.C.I., Walpole."  On October 6, 1960, a sentence of not less than five years nor more than seven years was imposed, to be served "from and after sentence now being served."

The plaintiff received a life sentence on November 14, 1960, to take effect "from and after the expiration of the sentence" he was then serving at Walpole.  At the same time the plaintiff was sentenced on several other indictments, the sentences to run concurrently with this life sentence.  Also on the same day a mittimus was issued with respect to the life sentence reciting that "[t]his sentence to take effect from and after the expiration *of all previous sentences to be served*" (emphasis supplied).

It will be noted that the mittimus did not conform to the sentence actually imposed in that the mittimus did not provide that the sentence was to take effect "from and after the expiration of the *sentence*" the plaintiff was then serving (emphasis supplied).

The relief sought by the plaintiff is a declaration that (prayer 2) the life sentence imposed on November 14, 1960, be declared null and void; that (prayer 3) the court lacked power to revise or revoke the commitment and the plaintiff must be granted a new trial; and that (prayer 4) if the court should decide that it could correct the mittimus it should be corrected to read "from and after expiration of sentence he is serving in M.C.I., Walpole," and a declaration should be made that all prior from and after sentences imposed on the plaintiff are to run concurrently with the term set forth in the corrected mittimus.

The judge entered a decree denying the relief sought in the second and third prayers and granting the relief sought in the fourth prayer.  The plaintiff appealed.

There was no error.

The mittimus under which a person is committed to prison is "a duly certified transcript [issued by the clerk] from the minutes of the court of the conviction and sentence, which shall authorize the officer to execute such sentence, and he shall execute it accordingly." G. L. c. 279, § 34. The sentence recited in the mittimus was not in conformity with that imposed by the court. That a court has plenary power at any time to correct errors in its records is well established. *Balch* v. *Shaw*, 7 Cush. 282, 284. *Commonwealth* v. *Soderquest*, 183 Mass. 199, 200. *Kacavas* v. *Toothacker*, 278 Mass. 302, 303. *Webb* v. *Cohen*, 280 Mass. 292, 293. *Chagnon* v. *Chagnon*, 300 Mass. 309, 311. Thus the judge rightly ordered the mittimus to be corrected so that it would conform to the sentence actually imposed. Contrary to the plaintiff's contention, there is nothing in G. L. c. 278, § 29C, inserted by St. 1962, c. 310, § 2, which prevents such a correction. Section 29C imposes a time limit of sixty days (which was far exceeded here) within which a judge of the Superior Court after the imposition of sentence may "revise or revoke any sentence" if it appears to him that "justice has not been done or cannot be done." But that is not the situation here, for there was no revision or revocation of the original sentence. Rather there was a correction of the mittimus so that it would conform to the actual record. See *Commonwealth* v. *Soderquest*, 183 Mass. 199, 200. The fact that eight years elapsed between the time of sentence and the entry of the decree correcting the mittimus was of no consequence. *Balch* v. *Shaw*, 7 Cush. 282 (fourteen years). *Long* v. *George*, 296 Mass. 574, 576–577 (five years).

There is nothing in the plaintiff's argument that the original sentence was too vague. Nor are we persuaded, as the plaintiff argues, that he was prejudiced with respect to his eligibility for parole because of the error in the mittimus. By any construction of either the 1960 sentence or the 1960 mittimus the plaintiff had to serve either a life sentence plus the from and after sentences of two to three years, seven to ten years, and five to seven years, followed by a second life sentence, or, alternatively, two consecutive life sentences.

Since in either case he would not be eligible for parole for many years after the sentencing in 1960 or the decree in this case in 1968, we fail to see how he has in any way been prejudiced in the matter of his parole. See G. L. c. 127, § 133A, as amended.

We have considered all of the questions argued by the plaintiff and have dealt with such of them as require discussion.

*Decree affirmed.*