Ariel *v.* Commonwealth.

PHILLIP S. ARIEL *vs.* COMMONWEALTH.

Suffolk.   April 7, 1969.   June 2, 1969. — June 6, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Practice, Criminal,* Sentence, Correction of court record.

A refusal of a judge of a Municipal Court to suspend sentences of fines
   imposed on several complaints and his commitment of the defendant
   to jail were justified, even as to one of the fines which was under $15,
   where, although the only recital indorsed on the orders of commitment
   was that the defendant was "unable to pay" the fines, it appeared
   that he had been in default for several months on some of the com-
   plaints and was in default in criminal cases in another court.   [195]
A Municipal Court had power to correct an inadvertent omission in an
   order of commitment to jail.   [195–196]
The reasons of a judge for not suspending sentences of fines and for com-
   mitting the defendant to jail for failure to pay them should be com-
   pletely set forth in detail on the order of commitment pursuant to
   G. L. c. 279, § 1.   [196]

PETITION for a writ of error filed in the Supreme Judicial
Court for the county of Suffolk on September 16, 1968.

The case was reserved and reported by *Reardon,* J., with-
out decision.

*Michael A. Feldman (Paula W. Gold* with him) for the
petitioner.

*Willie J. Davis,* Assistant Attorney General, for the
Commonwealth.

REARDON, J.   The petitioner was found guilty on August 31,
1968, in the Municipal Court of the Dorchester District of
the City of Boston on seven complaints of motor vehicle
violations and punished by fines ranging from $10 to $300.
The judge below found the petitioner unable to pay the
fines forthwith and ordered him committed to the Suffolk
County jail.   Each order of commitment was indorsed with

the finding, "the Court finds the Petitioner unable to pay." [1]

General Laws c. 279, § 1, as amended through St. 1967, c. 333, provides that when a person is committed to jail for nonpayment of a fine "the order of commitment shall contain a recital of the findings of the court on which suspension [of the sentence] is refused." The petitioner, seeking a writ of error, argues that the statute is not satisfied by a bare finding that a defendant is unable to pay the fine forthwith and that a hearing is required to determine if, when, and under what conditions he can pay. Alternatively, the petitioner argues that if G. L. c. 279, § 1, does permit confinement on the sole ground that a defendant cannot immediately pay a fine or fines it violates the constitutions of the Commonwealth and of the United States.

We do not reach these contentions. The return of the respondent and additional findings by the judge of the Municipal Court in response to an order reveal the following additional information: the petitioner had been in default on five of the seven counts since November, 1967, and was at the time of trial also in default in the District Court of Northern Norfolk on certain other motor vehicle violations.

Assuming, without deciding, that G. L. c. 279, § 1, or the Federal or State constitutions require more than a bare finding of inability to pay before a defendant can be incarcerated for nonpayment of a fine, we are satisfied that the additional facts set forth above amply justify the judge's refusal to suspend the sentences. [2]

The power to make any necessary correction of the order of commitment is supported by the rule that such an order is an official record of the court's proceedings which the

---

[1] One order of commitment failed to recite this finding but the parties agree that this was merely an oversight and that the mittimus should have borne this indorsement.

[2] This is so even with regard to the fine of $10. General Laws c. 279, § 1, requires that such fines (under $15) be suspended unless the court finds that the defendant will probably default or that the suspension will be detrimental to the public interest. The amplification of the record clearly indicates a probability of default and thus justifies the refusal to suspend the $10 fine.

court retains plenary power to correct. *Bolduc* v. *Commissioner of Correction*, 355 Mass. 765.

We wish to add a note of warning, however. The better practice is to spell out in detail on the mittimus itself the specific reasons for failure to suspend sentence. General Laws c. 279, § 1, obviously contemplates that a judge, before committing to jail a defendant unable to pay a fine immediately, at least consider the desirability of extracting the fine over a period of time rather than automatically increasing the severity of punishment. The amplified record discloses that the judge of the Municipal Court did examine the alternatives.

We thus remand the case for appropriate correction of the orders of commitment. If such correction is made within thirty days after rescript the judgments are affirmed; otherwise they are reversed.

*So ordered.*