DAVID N. LIBBY *vs.* COMMONWEALTH (and a companion case [1]). June 4, 1970. The petitioners were convicted in a joint trial in the Superior Court of kidnapping and rape of the same complainant. They filed two similar petitions for writs of error in the county court. The Attorney General filed a motion to dismiss in each case on the ground that the proper remedy should be a motion for a new trial "as the factual matters alleged by the petitioner are more familiar to the trial judge," citing *Earl* v. *Commonwealth*, 356 Mass. 181. The single justice ordered that no further proceedings be had until the petitioners should have moved in the Superior Court for a new trial on the basis of the assignments of error and the court should have acted thereon. The petitioners excepted. We were informed by counsel during the arguments that the petitioners have filed such motions which have been heard, but have not been decided. In the circumstances, it is in the interest of orderly procedure to await a decision on those motions.

*Exceptions overruled.*

*Mark A. Michelson* for the petitioners.
*David G. Nagle*, Assistant Attorney General, for the Commonwealth.


DONALD SAWYER *vs.* HAWKRIDGE BROTHERS COMPANY (and a companion case [2]). June 5, 1970. The plaintiffs in these actions of tort seek recovery for personal injuries sustained on December 4, 1963, as a result of an explosion while they were performing electrical work on the soot blower of the boiler located on the defendant's premises. There was evidence that the tubes in the blower system should have been "cleaned manually once a month," but that they were not cleaned from 1959 until December, 1963. There was also evidence that the defendant had not delegated to any of its employees the responsibility of inspecting the boiler and had not taken any measures "to determine what, if any, hazards there were surrounding the operation of shutting the electricity off to the soot blower and the boiler manually and then restarting it." In the instant case operating the soot blower under the conditions prevailing in the boiler was a hazard which the defendant knew or should have known. *Carpenter* v. *Sinclair Ref. Co.* 237 Mass. 230, 234. The defendant excepted to the denial of its motions for directed verdicts. The evidence was sufficient to warrant sending the cases to the jury. The plaintiffs did not assume the risk of a dust explosion in repairing the soot blower of the boiler. *Thompson* v. *United Labs. Co.* 221 Mass. 276, 280. The motions for directed verdicts were rightly denied.

*Exceptions overruled.*

*John J. C. Herlihy* for the defendant.
*Paul R. Sugarman* for the plaintiffs.

---

[1] Paul E. Fleming *vs.* Commonwealth.

[2] Thomas Borgal *vs.* Hawkridge Brothers Company.