COMMONWEALTH *vs.* MICHAEL TUITT.    February 2, 1972.    Error is alleged in the denial of the defendant's motion for a new trial after a hearing on his competency to stand trial because of narcotics addiction.    The motion was heard approximately eleven and one-half months after the original trial.    A doctor appointed by the court testified that in his opinion while the defendant was "appreciably impaired," he was "not impaired to the degree that he was unable to defend himself or assist his attorney."    Although the doctor did not observe the defendant at the time of his trial, and the defendant himself testified at the hearing on the motion for a new trial in effect that he was unable to defend himself or assist his attorney, the judge could have disbelieved the defendant and given weight to the testimony of the doctor, which he evidently did.    "The motion for a new trial is usually a matter for the trial judge's sound discretion." *Earl* v. *Commonwealth,* 356 Mass. 181, 184.    *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25, 32.    There is no abuse of that discretion here.

*Judgment Affirmed.*

The case was submitted on briefs.

*Reuben Goodman & Mary C. Kingsley* for the defendant.

*Matthew J. Ryan, Jr.,* District Attorney, & *Leonard E. Gibbons,* Assistant District Attorney, for the Commonwealth.