COMMONWEALTH *vs.* RONALD E. PENROSE.

Middlesex.    May 8, 1973. — June 1, 1973.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Practice, Criminal,* New trial, Plea, Appeal, Judicial discretion.

Where a defendant indicted for murder pleaded guilty to murder in the second degree but subsequently moved for a new trial and, within twenty days after denial of the motion, appealed from the denial, it was held that the case remained subject to G. L. c. 278, §§ 33A–33G, after the plea and that the appeal was timely.  [679]

The validity of a plea of guilty in a criminal case may be challenged by a motion for a new trial under G. L. c. 278, § 29; overruling *Commonwealth* v. *Soderquest,* 183 Mass. 199, *Commonwealth* v. *Phelan,* 271 Mass. 21, and *Commonwealth* v. *Brody,* 328 Mass. 521, so far as they held the contrary.  [679–681]

If a plea of guilty in a criminal case is entered in violation of a constitutional right of the defendant, a judge hearing a motion for a new trial grounded on such violation has no discretion to deny the motion.  [681]

INDICTMENTS found and returned in the Superior Court on November 12, 1968.

A motion for a new trial was heard by *Spring, J.*

The case was submitted on briefs.

*Francis John Stolarz* for the defendant.

*John J. Droney,* District Attorney, *Terence M. Troyer, & Barbara A. H. Smith,* Assistant District Attorneys, for the Commonwealth.

BRAUCHER, J.    By this appeal under G. L. c. 278, §§ 33A–33G, the defendant asks us to rule that the val-

_____

idity of his guilty pleas may be challenged by a motion
for a new trial under G. L. c. 278, § 29, as amended
through St. 1966, c. 301. The trial judge took a con-
trary view and denied such a motion. The defendant as-
serts, and we agree, that the remedy by motion is suit-
able for the purpose, and that such use of it is a logical
application of the reasoning in *Earl* v. *Commonwealth*,
356 Mass. 181. Accordingly, we reverse the order deny-
ing a new trial and remand the case for hearing on the
motion.

In November, 1968, the defendant was indicted for
murder and attempted armed robbery committed Sep-
tember 16, 1968. On February 27,1969, he pleaded guilty
to murder in the second degree and to attempted armed
robbery, and was sentenced. In January, 1972, he filed
on his own behalf a written motion for a new trial. The
motion, sworn to by him, alleged among other things that
he was deprived of a mental examination prior to his
"trial," that his counsel waived mental examination con-
trary to his desire and without his knowledge, and that
he was incompetent during his "trial" and could not
intelligently assist in his defence.

On January 28, 1972, the motion was heard and de-
nied. The transcript discloses appearances by an assist-
ant district attorney and by counsel for the defendant
and a statement by the judge, but no statement or op-
portunity for statement by the defendant or his counsel.
The judge ruled that a new trial could not be granted
where there had never been a trial, and that as a motion
to retract a guilty plea under G. L. c. 278, § 29C, the
motion was not timely. He then said, "The only other
interpretation that I could give to this instrument would
be to treat it as a motion to retract your plea of guilty,
because as you say, it was not intelligently and know-
ingly made." He read the questions put by the court
before the plea was accepted and the defendant's an-
swers to those questions, ruled that the plea was intel-
ligently and knowingly made, and denied the motion.
A written claim of exception dated the same day at the

prison was filed by mail on February 3, 1972, and a claim of appeal was filed February 8, 1972.

1. Since the defendant was indicted for murder, the case remained subject to G. L. c. 278, §§ 33A–33G, notwithstanding his plea of guilty to murder in the second degree. *Guilmette* v. *Commonwealth,* 344 Mass. 527, 528. His appeal was timely. See *Commonwealth* v. *Millen,* 290 Mass. 406, 411, fn.; *Commonwealth* v. *McGarty,* 351 Mass. 707.

2. The judge's ruling that "a new trial cannot be granted where there has never been a trial" was in accord with several decisions of this court. *Commonwealth* v. *Soderquest,* 183 Mass. 199, 201. *Commonwealth* v. *Phelan,* 271 Mass. 21, 22. *Commonwealth* v. *Brody,* 328 Mass. 521, 523–524. Those decisions did not rest entirely on word play; they fitted into a legal setting which emphasized the public interest in the finality of convictions in criminal cases. A motion for a new trial came too late if made after sentence and more than a year after verdict. G. L. c. 278, § 29, as amended through St. 1962, c. 310, § 1. *Commonwealth* v. *Sacco,* 261 Mass. 12, 15. See *Aronson* v. *Commonwealth,* 331 Mass. 599, 603–604. A motion to vacate sentence could not be considered after the end of the sitting at which the sentence was imposed. *Commonwealth* v. *Brody,* 328 Mass. 521, 524. Compare G. L. c. 278, § 29C, allowing sixty days after sentence; *Commonwealth* v. *Burrone,* 347 Mass. 451, 452; *Commonwealth* v. *L'Italien,* 352 Mass. 424, 425, fn. 1. Relief after sentence was, however, open by writ of error or by appeal for clemency to the Governor. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 20. Insanity of the defendant has long been recognized as a basis for a writ of error. See *Hathaway* v. *Clark,* 7 Pick. 144; *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376.

In 1965 we took note of "the gradual and necessary expansion of the statutory writ of error (G. L. c. 250, §§ 1, 9) as a postconviction remedy broad enough to deal with constitutional problems arising under recent decisions of the Supreme Court of the United States." *Shop-*

*pers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 376, fn. 9. In the Federal courts those decisions produced "dramatic change" in the functions of the writ of habeas corpus. See *Hensley* v. *Municipal Court,* U. S. 411, 345, 349–350; *Preiser* v. *Rodriguez,* 411 U. S. 475, 485–488. By St. 1964, c. 82, the one year limit on motions for a new trial under G. L. c. 278, § 29, was removed, and such a motion is now permitted "at any time." In *Earl* v. *Commonwealth,* 356 Mass. 181, 183, decided in 1969, we took note of the change in the statute. We recognized that a single justice of this court had power to entertain "a writ of error involving alleged misconduct on the part of a prosecutor," but thought it preferable "that these questions be resolved in the first instance by the trial judge upon a motion for new trial. The effect of this practice will be to place in the hands of the trial judge, rather than in the hands of the single justice, the task of resolving factual disputes underlying alleged constitutional errors. The petitioner will retain the right to a full review by this court on questions of constitutional interpretation as well as of sufficiency of the evidence to support the trial judge's factual determinations." See American Bar Association, Standards Relating to Post-Conviction Remedies (Approved Draft, 1968), pp. 23, 30, 32.

In the present case the defendant has a petition for writ of error pending before the single justice of this court. The single justice could transfer that petition to the Superior Court under G. L. c. 211, § 4A, as appearing in St. 1972, c. 740, § 2, but it has not been the practice to transfer writs of error to the court whose judgment is attacked. Compare *Needel, petitioner,* 344 Mass. 260; *Cohen* v. *Attorney Gen.* 354 Mass. 384, 388. This court has in the past considered the merits of writs of error involving the validity of pleas of guilty. *Guilmette* v. *Commonwealth,* 344 Mass. 527, 529. *Huot* v. *Commonwealth, ante,* 91, 101–102. In at least one case, however, a single justice of this court, on the authority of the *Earl* case, has sustained a demurrer to a petition for such a

writ of error, on the ground that the matter should be dealt with by a motion for a new trial. *Foster* v. *Commonwealth*, Supreme Judicial Court No. 72–177 Law, August 9, 1972. As in the *Earl* case, we think the remedy by such a motion is preferable. To the extent that the *Soderquest, Phelan* and *Brody* cases would bar the remedy, we no longer follow them.

3. "The motion for a new trial is usually a matter for the trial judge's sound discretion. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25, 32. If however the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." *Earl* v. *Commonwealth*, 356 Mass. 181, 184. Similarly, in the absence of waiver or other bar, there is no discretion to deny a new trial if a plea of guilty is entered in violation of a constitutional right of the defendant. In the present case the judge did not rule on the defendant's claim that entry of his guilty plea while he was legally incompetent violated his constitutional rights of due process. See *Commonwealth* v. *Vailes*, 360 Mass. 522, 524, and cases cited. The order denying a new trial is therefore reversed and the case is remanded for consideration of the defendant's constitutional claims.

*So ordered.*