NORMAN A. PORTER, JR. *vs.* COMMONWEALTH. July 23, 2010. *Supreme Judicial Court,* Appeal from order of single justice.

Norman A. Porter, Jr., appeals pro se from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1962, Porter, charged with murder in the first degree, pleaded guilty to

---

murder in the second degree. He remains incarcerated pursuant to that plea. In his petition filed in the county court, he sought an order "reinstating his appellate rights," claiming that he is entitled to plenary review pursuant to G. L. c. 278, § 33E (but not identifying any ground for challenging the validity of his guilty plea). Before us is his "Memorandum in Support of Appeal from Single Justice," and an appendix, which we treat as filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The rule does not technically apply because Porter is not seeking review of an "interlocutory ruling in the trial court," S.J.C. Rule 2:21 (1), but the record before us ineluctably shows that he had an adequate alternative to relief under G. L. c. 211, § 3.

Although plenary review under § 33E would be available to a defendant tried for murder in the first degree but convicted of murder in the second degree if the offense occurred before July 1, 1979, see *Commonwealth* v. *Davis*, 380 Mass. 1, 16 (1980), it is not available to a defendant who, like Porter, pleads guilty to such an offense. See *Commonwealth* v. *Balliro*, 437 Mass. 163, 164-165 (2002). The appropriate avenue to challenge a guilty plea has long been through a motion for a new trial. See *Commonwealth* v. *Penrose*, 363 Mass. 677, 681 (1973). Accord *Commonwealth* v. *Huot*, 380 Mass. 403, 406 (1980). Porter makes no claim that filing such a motion, and, if the motion is denied, appealing to the Appeals Court, are inadequate means of obtaining review of the validity of his plea.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Norman A. Porter, Jr.*, pro se.