FLOYD J. ANDREWS *vs.* COMMONWEALTH.

Suffolk. March 10, 1972. — May 3, 1972.

Present: SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Plea. *Sex Offender. Constitutional Law,* Due process of law. *Error, Writ of. Evidence,* Presumptions and burden of proof.

In a proceeding on a writ of error by a petitioner who had pleaded guilty and been sentenced on an indictment for a sexual offence and subsequently had been committed as a sexually dangerous per-

son under G. L. c. 123A, § 6, and who asserted error and depriva-
tion of due process of law in that he pleaded guilty in ignorance
of c. 123A and the possibility of commitment thereunder as a
consequence of his plea, there was no merit in his assertion, and
an order by the single justice affirming the judgment in the
criminal case was warranted, where the petitioner, having the
burden of proving error, failed to convince the single justice that
he had in fact been ignorant of c. 123 A. [726]

PETITION for a writ of error filed in the Supreme
Judicial Court for the county of Suffolk on November
13, 1969.

The case was heard by *Cutter, J.*

*Alexander Whiteside, II* (*Reuben Goodman* with him)
for the petitioner.

*Jeremiah O'Sullivan*, Deputy Assistant Attorney General, for the Commonwealth.

SPIEGEL, J. This petition for a writ of error was heard
in the county court "on the pleadings, the return, the
testimony of the petitioner (Andrews), and a statement
of agreed facts." The single justice affirmed the judgments and filed a statement of his findings and rulings.
The case is before us on Andrews's exceptions to certain
findings and rulings of the single justice, to the denial of
Andrews's requests for rulings, and to the order that the
judgments be affirmed.

On October 6, 1964, Andrews was charged in three indictments with: (1) assault and battery in violation of
G. L. c. 265, § 13A (indictment 14,453); (2) indecent
assault and battery on a child under fourteen years of
age in violation of G. L. c. 265, § 13B (indictment
14,454); and (3) assault with intent to abuse a female
child in violation of G. L. c. 265, § 24B (indictment
14,455).

On October 23, 1964, Andrews appeared in the Superior
Court together with his attorney and pleaded guilty to
indictments 14,453 and 14,454. He did not plead to the
remaining indictment. The trial judge heard testimony
from the arresting officer about the incidents and also
heard recommendations from the assistant district at-

torney and defence counsel as to sentencing. He then
sentenced Andrews to four to five years at the Massa-
chusetts Correctional Institution, Walpole, on indictment
14,454, and to two and one-half years at the Suffolk
County house of correction on indictment 14,453. The
latter sentence was to take effect from and after the
former sentence.

On February 11, 1965, Andrews was transferred to the
Massachusetts Correctional Institution, Norfolk. While
he was serving his sentence there, the superintendent of
that institution moved under G. L. c. 123A, § 6, for an
examination of Andrews to determine if he was a sexu-
ally dangerous person. He was examined by psychia-
trists, and was given a court hearing in accordance with
G. L. c. 123A, § 5. On February 23, 1967, the defend-
ant was found to be a sexually dangerous person and
was committed to the treatment center at the Massachu-
setts Correctional Institution, Bridgewater.

Andrews claims that the central infirmity in the judg-
ments is that he pleaded guilty without knowing the full
consequences of such pleas, in particular, the likelihood
of commitment under G. L. c. 123A for being a sexually
dangerous person. At the hearing before the single
justice, Andrews testified that on October 23, 1964, he
met briefly with his attorney, Mr. John J. Stanton of the
Massachusetts Defenders Committee, who advised him
to plead guilty to the charges. Mr. Stanton did not in-
form him of the provisions of G. L. c. 123A. Mr. Stanton
was a resident of California at the time of the hearing
and did not appear. He did, however, write to an
assistant attorney general. The letter, which is included
with the statement of agreed facts, states, in part, the
following: "I cannot in good conscience, say or repeat
specifically what I said to Andrews before his change of
plea; but . . . it was definitely my custom; and the cus-
tom of the Defenders Office to discuss the SDP Law with
every defendant before a change of plea. As a matter of
fact, the operation of this law is so outrageously unjust,
that such discussions were an obsession with me."

Andrews filed six requests for rulings.[1] The single justice in ruling on these requests stated the following: "I decline to give requests numbered 1 and 2 as essentially requests for findings of facts. I decline to give requests 3, 4, and 5 as having no application to the present facts, even if correct as abstract questions of law, inasmuch as the only infirmity alleged to exist in Andrews' pleas of guilty was his alleged ignorance (of which I am not convinced) of G. L. c. 123A. I deny request numbered 6." The single justice then ordered that the judgments be affirmed. His other findings and rulings, to which Andrews takes exception, are as follows: "I conclude that Andrews' pleas of guilty on October 23, 1964, have not been shown to have been involuntary. . . . I rule that (even if he was not advised by . . . [the trial judge] when he was sentenced on October 23, 1964, that at a later date he might be committed under G. L. c. 123A) there was no requirement that he be advised concerning the possible later applicability of civil proceedings under G. L. c. 123A, which was invoked only after a period of further observation and a separate proceeding under G. L. c. 123A. . . . I rule that the principles of the case of *Boykin* v. *Alabama*, 395 U. S. 238, if applicable at all to the facts of this case, are not retroactive to affect pleas of guilty received prior to that decision and judgments which had become final theretofore."

---

[1] "1. The record shows that the trial judge failed to affirmatively advise petitioner of the nature and the consequences of his guilty plea. 2. The trial judge failed to inquire whether petitioner had already been advised of the nature and consequences of his plea and the record is wholly silent as to whether petitioner possessed knowledge at the time he made his plea. 3. A guilty plea is a waiver of the constitutionally protected rights to jury trial, to confront accusers and against self-incrimination and, therefore, the failure of the trial record to show a knowing and intelligent waiver of these rights, by itself, requires that petitioner's guilty plea be vacated. 4. The Commonwealth has the burden of proving that petitioner's guilty plea was made voluntarily and with full knowledge of the consequences. 5. Petitioner's guilty plea must be vacated if there is a showing that the plea was made unknowingly and without full knowledge of the consequences. 6. A person pleading guilty to a sex offense must be advised of the provisions of G. L. Chapter 123A and such a plea made in ignorance of Chapter 123A must be vacated since it cannot be said that such plea was made with full knowledge of the consequences."

Andrews argues that the acceptance of his guilty pleas at a time when he was ignorant of G. L. c. 123A and the likelihood of its being applied to him deprived him of due process of law. However, the single justice stated that he was "not convinced" that Andrews was ignorant of G. L. c. 123A. Even if we assume, arguendo, that confinement under G. L. c. 123A is a possible consequence of a guilty plea to a sexual offence such as was involved here, and that the judge below should have informed him of this, Andrews's argument cannot prevail because he has not shown that he was, in fact, ignorant of G. L. c. 123A. On a writ of error, the burden of proving error is on the petitioner. *Collins* v. *Commonwealth,* 315 Mass. 167, 170. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 448. The case of *Boykin* v. *Alabama,* 395 U. S. 238, 243–244 (1969), which held that the record must affirmatively disclose that the defendant voluntarily and understandingly entered his pleas of guilty, even if here applicable is not retroactive (as Andrews concedes), and therefore cannot affect our result.[2] Since the foregoing is sufficient to warrant the order sustaining the judgments we perceive no need for a discussion of the other rulings.

*Exceptions overruled.*

---

[2] See *Halliday* v. *United States,* 394 U. S. 831; *Hall* v. *State,* 45 Ala. App. 252, 253; *State* v. *Griswold,* 105 Ariz. 1; *In re Tahl,* 1 Cal. 3d 122; *Ward* v. *People,* 172 Colo. 244; *Johnson* v. *Wainwright,* 238 So. 2d 590, 593 (Fla.) ; *People* v. *Williams,* 44 Ill. 2d 334; *Montanye* v. *State,* 7 Md. App. 627; *People* v. *Taylor,* 23 Mich. App. 595; *Crego* v. *State,* 447 S. W. 2d 550, 553 (Mo.) ; *Stocks* v. *Warden, Nev. State Prison,* 86 Nev. 758; *State* v. *Guy,* 81 N. M. 641; *Endsley* v. *Cupp,* 459 P. 2d 448, 450–451 (Ct. App. Ore.) ; *Commonwealth* v. *Godfrey,* 434 Pa. 532; *Flint* v. *Sharkey,* 107 R. I. 530, 534; *Baxley* v. *State,* 255 S. C. 283; *Bridgers* v. *Commonwealth,* 211 Va. 370; *Miller* v. *Rhay,* 1 Wash. App. 1010; *Ernst* v. *State,* 43 Wis. 2d 661.