COMMONWEALTH vs. CAZMIR KOZERSKI.

Hampden.    January 8, 1973. — February 9, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Practice, Criminal,* Plea, Assistance of counsel, New Trial.    *Constitutional Law,* Assistance of counsel.

The principles set forth in *Boykin* v. *Alabama,* 395 U. S. 238, were not applicable to a criminal case in which the defendant's plea of guilty was entered and sentence imposed before the date of the *Boykin* decision; the possibility that under G. L. c. 278, § 29C, the court within a period of sixty days after sentence, which period would not have terminated until after the date of the *Boykin* decision, could have permitted withdrawal of the plea and could have revoked the sentence did not affect the finality of the sentence imposed. [110]

There was no error on the part of a judge, who accepted pleas of guilty and sentenced the defendant on indictments for serious offences, in that judge's denial after two full hearings of a motion for a new trial based on alleged deprivation of the defendant's constitutional right to the effective assistance of counsel, where the evidence at such hearings warranted findings that the guilty pleas were entered in the presence and with the assistance of the defendant's original counsel, a competent trial lawyer, who fully discussed with and explained to the defendant the nature of the charges, the sentences which could be imposed, and the defendant's right to a jury trial, that the defendant was aware of the nature of the charges and the possible sentences, that at no time did he indicate to his original counsel a desire to plead not guilty, and that the guilty pleas were voluntarily and understandingly made. [111-112]

INDICTMENTS found and returned in the Superior Court on May 6, 1969.

A motion for a new trial was heard by *Noonan, J.*

*Daniel F. Featherston, Jr.,* for the defendant.

*John T. McDonough,* Special Assistant District Attorney, for the Commonwealth.

HALE, C.J.    The defendant was indicted on May 6, 1969, for: statutory rape on April 17, 1969; open and gross

lewdness and lascivious behavior on April 17, 1969; wilful neglect of a minor child; assault and battery on April 20, 1969; indecent assault and battery on a child under the age of fourteen on April 17, 1969; unnatural and lascivious acts on or about May 31, 1968; and incest on April 17, 1969. The victim in each case was the defendant's daughter. The defendant was arraigned on May 7, 1969, at which time he was represented by a member of the Springfield bar whom we shall hereinafter refer to as original counsel or counsel. He entered pleas of guilty to all of these charges. The record discloses that no inquiry was made in open court by the judge or by counsel at the request of the judge to show that the pleas were voluntary and intelligent. The cases were continued to the following day for sentence, at which time concurrent sentences to the Massachusetts Correctional Institution, Walpole, were imposed on five of these indictments.[1]

On October 29, 1969, the defendant filed a motion pro se for a new trial under G. L. c. 278, § 29. We summarize the contentions of the defendant which were presented by this motion. 1. His guilty pleas were not entered with a full understanding of the nature and consequences of such pleas. 2. His pleas of guilty were not entered voluntarily as they were induced by coercion and by promises. 3. He was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

On November 17, 1969, the Massachusetts Defenders Committee entered an appearance on behalf of the defendant on the motion for a new trial. A hearing was held on this motion on January 23, 1970, at which the defendant, his original counsel, the defendant's daughter (the victim), and two police officers testified. The motion was denied after hearing, and the defendant's exception was noted. On January 8, 1971, another lawyer, who presently represents the defendant, entered an appearance on his behalf, and on

---

[1] The indictments charging neglect and assault and battery were filed.

July 26, 1971, filed a motion for leave to amend the motion for a new trial which had already been denied.[2] As amended the grounds for the motion were: "1. That the defendant was denied his constitutional rights under the due process clause of the Fourteenth Amendment to the United States Constitution to a fair trial by jury, to confront witnesses against him, to have witnesses called on his behalf, and further denied his privilege against compulsory self-incrimination for the reason that his guilty pleas were not knowingly and voluntarily made. . . . 2. That the defendant was denied his constitutional right to the effective assistance of counsel by reason of the inadequate assistance rendered by [his original counsel]." It is these two grounds that the defendant has briefed and argued in the bill of exceptions now before us. A hearing was held on this amended motion on November 23, 1971, at which hearing his original counsel, the defendant, the defendant's wife, and the defendant's mother testified. After the hearing the judge took this motion under advisement and on December 9, 1971, denied it. The defendant duly filed an exception to this ruling. The same judge who accepted the pleas and sentenced the defendant presided at both hearings on the motion for a new trial.

From the evidence presented at these hearings, the judge could have found that the defendant was arrested on April 21, 1969, and taken to the Springfield police station where he learned of the charges to be lodged against him which were based on statements made by his wife and by the victim. His original counsel was retained on behalf of the defendant by the defendant's mother with his concurrence. Original counsel had been a member of the bar for twenty years in general practice. During the preceding eight years, he had been active in the field of criminal law and had tried one capital case to a jury and about six cases where there was a potential sentence of life imprisonment.

---

[2] It appears from the record that thereafter the court and counsel treated this motion as allowed. The docket entries on each of these cases describe this document as "Defendant's Amended Motion for a New Trial."

He had acted as a prosecutor in the District Court of Springfield. He appeared for the defendant at the probable cause hearing in the district court and, after reading the victim's statement, submitted to a finding of probable cause. The defendant did not read that statement until the day of his arraignment, May 7, 1969.

The original counsel visited the defendant at least five times at the York Street Jail and during those visits discussed the victim's statement with the defendant as well as each of the charges and their maximum penalties. The defendant informed his original counsel that he was aware of each of the charges and the penalties therefor. They also discussed the possibility of a guilty plea. The defendant told his counsel that he was guilty of the charges.[3] Counsel informed the defendant of his right to a trial by jury and that by pleading guilty he would waive certain constitutional rights. He felt that the defendant should plead guilty, but at no time did he make any representation to the defendant as to what sentence might be imposed if he did plead guilty. The assistant district attorney in charge of the case gave no indication as to what he would recommend, and original counsel never discussed the case with him. The original counsel did little research and little, if any, investigation in this case. He did not anticipate that he would have to go to trial as he was certain that the defendant was going to plead guilty. The defendant gave no indication that he was dissatisfied with his original counsel's services until after the sentences were imposed.

At the two hearings held on the motion for a new trial, evidence was elicited to the effect that the defendant was not advised as to the nature of the charges or the potential sentences, that he was not informed as to the constitutional rights he would waive by pleading guilty, that he was induced to plead guilty on the promise of a light sentence, that parole limitations were not discussed, and that he

---

[3] It has not been argued to us that there was any impropriety in the judge's ordering original counsel to testify as to conversations with his client after the attorney had refused to testify because of the attorney-client privilege.

wanted to plead not guilty. This and other testimony introduced on behalf of the defendant, if believed by the judge, would tend to support the grounds assigned by the defendant in his motion, particularly as refined in the amended motion. We think it significant that two full evidentiary hearings were afforded by the same judge on the same constitutional questions at which extensive testimony was taken. The judge heard the testimony of all the witnesses and was in a position to assess their credibility. His decision as to their credibility is final. *Commonwealth v. Bernier,* 359 Mass. 13, 16, and cases cited herein.

The defendant argues that under the principles of *Boykin* v. *Alabama,* 395 U. S. 238, 243-244, for a guilty plea to be constitutionally valid the record of the proceedings at the entry of the plea must disclose that the defendant entered his plea voluntarily and understandingly. The *Boykin* case was decided June 2, 1969, twenty-five days after the defendant was sentenced in this case. It was held in *Andrews* v. *Commonwealth,* 361 Mass. 722, that *Boykin* v. *Alabama* is not retroactive. See also *McClellan* v. *Commonwealth,* 362 Mass. 878.

The defendant argues that the non-retroactive effect of the *Boykin* case would apply only to cases in which judgment was final prior to June 2, 1969, and that the *Boykin* case should apply in this case as the defendant had sixty days after sentence had been imposed in which to apply for revocation of his sentences and withdrawal of his pleas as provided in G. L. c. 278, § 29C. We hold that the possibility of action by the court under this statute does not affect the finality of a sentence. We also hold that the *Boykin* case is not retroactive to cases in which sentence was imposed prior to June 2, 1969.

The *Boykin* case did not enunciate a new standard for guilty pleas. Its import was to require that the record affirmatively disclose that the guilty plea was entered in compliance with the long established rule requiring that the plea be made voluntarily and understandingly. See *Kercheval* v. *United States,* 274 U. S. 220. Before the *Boykin* case, a person convicted on a guilty plea would have

had to produce evidence attacking the validity of his plea in a post-conviction proceeding.

In the case before us, the issue is presented by a motion for a new trial.[4] The evidence presented at two hearings, one on the motion and the second on the amended motion, fully warrants the finding by the judge, which was implicit in the denials of the motion, that the pleas were voluntarily and understandingly made. The defendant's pleas were entered with the presence and assistance of counsel. He had full opportunity for consultation with his attorney. See *Garvin* v. *Commonwealth,* 351 Mass. 661, 663. There is no evidence which compels the conclusion that the pleas were entered through ignorance or inadvertence. See *Andrews* v. *Commonwealth,* 361 Mass. 722, 726; *Von Moltke* v. *Gillies.* 332 U. S. 708, 722. From the evidence, the judge could have found, and we conclude that he did, that original counsel fully discussed with and explained to the defendant the nature of the charges, the sentences which could be imposed by the court, and the defendant's right to a jury trial. The judge was warranted in finding, and we conclude that he did, that the defendant was aware of the nature of the charges against him and the possible sentences and that at no time did he indicate to his original counsel a desire to plead not guilty.

With respect to the voluntariness of the defendant's pleas, there was no evidence requiring the judge to find that coercion, deception, or trickery played a part in the defendant's decision to plead guilty, or that the defendant was induced so to plead by promise of a lighter sentence. See *Machibroda* v. *United States,* 368 U. S. 487, 493-494.

The defendant raised the contention at these hearings, and particularly at the second, that he was denied the constitutional right to effective assistance of counsel. The trial judge heard extensive testimony on the conduct of

---

[4] The question whether a motion for a new trial is a proper vehicle by which the validity of a guilty plea may be challenged has not been raised in this case, and in view of the result we have reached we do not decide it. See *Commonwealth* v. *Brody,* 328 Mass. 521. See generally *Earl* v. *Commonwealth,* 356 Mass. 181.

original counsel at these hearings from the defendant and from original counsel. The standards relating to the effective assistance of counsel are set out is some detail in *Commonwealth* v. *Bernier,* 359 Mass. 13, 17-19. From all we have said in describing the activities of original counsel, we are convinced that his representation of the defendant in this matter was characterized by a degree of competence reasonable under the circumstances.

The trial judge was justified, on the evidence before him, in twice denying the motion. There was no error.

*Exceptions overruled.*