WALLACE F. YOUNG *vs.* MOBIL OIL CORPORATION. April 30, 1976. The defendant's motion for summary judgment (Mass.R.Civ.P. 56[b], 365 Mass. 824 [1974]) was granted in the plaintiff's action for damages brought on the defendant's alleged breach of a lease between the plaintiff as lessee and the defendant as lessor. On appeal the plaintiff's sole contention is that there remains a "genuine issue as to a . . . material

fact" (Mass.R.Civ.P. 56[c], 365 Mass. 824 [1974]), namely, whether the defendant's notice to terminate, given June 10, 1970, pursuant to the "redevelopment rider" to the lease, was given without a good faith intent to "redevelop" the premises and was, therefore, a fraud practiced upon the plaintiff sufficient to invalidate the notice. But even if this question of fraud could be made a "genuine issue" after entry of a final decree on September 30, 1970 (on the plaintiff's bill for declaratory judgment brought August 4, 1970, against the same defendant), which declared that the notice was "a valid exercise" of the defendant's power to terminate under the rider (see *Ratner* v. *Rockwood Sprinkler Co.* 340 Mass. 773, 775-776 [1960]; *Fassas* v. *First Bank & Trust Co.* 353 Mass. 628, 629-630 [1968]; *Wright Mach. Corp.* v. *Seaman-Andwall Corp.* 364 Mass. 683, 688-689 [1974]), and after the plaintiff's admission in his affidavit in opposition to the summary judgment motion that "any fraud ... practiced upon the plaintiff prior to ... the actual trial" in the previous suit was one of the "issues ... in controversy" in the trial of that suit (Mass.R.Civ.P. 56[c]; Moore, Federal Practice, par. 56.11 [1.-5], [6]; Wright & Miller, Federal Practice and Procedure § 2723; see *Aerostatic Engr. Corp.* v. *Szczawinski,* 1 Mass. App. Ct. 141, 144 [1973]), the fact remains that the issue now argued was not raised in the pleadings in this case or otherwise presented to the trial judge and will not be considered for the first time on appeal. *Henchey* v. *Cox,* 348 Mass. 742, 747 (1965). *Aerostatic Engr. Corp.* v. *Szczawinski, supra,* at 143. The issues raised by the plaintiff in the court below related exclusively to the defendant's alleged failure to "redevelop" the premises after the lease was terminated. But that issue has been eliminated from the case because the plaintiff concedes in his brief that "it was not necessary that Mobil in fact redevelop the premises, only that at the time of its exercise it had the good faith intention to do so. *Gunsenhiser* v. *Binder,* 206 Mass. 434 [437] (1910)." See also *Hodgkins* v. *Price,* 137 Mass. 13, 19-21 (1884); *Hanna* v. *Safeway Stores,* 223 F. 2d 858, 862 (9th Cir. 1955); anno. 27 A.L.R. 845 (1923).

*Judgment affirmed.*

*Joseph W. MacDonald* for the plaintiff.
*Edward S. Rooney, Jr.,* for the defendant.