COMMONWEALTH *vs.* PHILIP J. CRESTA. March 29, 1977. The defendant appeals from the denials of his "Motion for a New Trial" and "Motion to Withdraw Guilty Plea" (which the judge correctly treated as a single motion) on three indictments to which he had pleaded guilty in 1945 and on two of which he had received concurrent indeterminate sentences to the Massachusetts Reformatory. The proceedings on the motion were held pursuant to the provisions of G. L. c. 278, §§ 33A-33G. 1. We decline the defendant's invitation to rule that *Boykin* v. *Alabama,* 395 U. S. 238 (1969), be given retroactive effect. See *Commonwealth* v. *Leate,* 367 Mass. 689, 693 (1975), and cases cited therein. 2. The judge was correct in ruling that the

defendant had the burden of proving (a) noncompliance with the requirement of G. L. c. 119, § 74 (as amended through St. 1933, c. 196, § 1), that "[c]riminal proceedings shall not be begun against any child . . . unless proceedings against him as a delinquent child have been begun and dismissed as required by section sixty-one" and (b) that his guilty pleas had not been made voluntarily and intelligently. *Commonwealth* v. *Bernier*, 359 Mass. 13, 15-16 (1971). *Commonwealth* v. *Leate, supra. Commonwealth* v. *Kozerski,* 1 Mass. App. Ct. 106, 110-111 (1973), *S.C.* 364 Mass. 833 (1974). *Commonwealth* v. *Bolduc, ante,* 115, 118 (1977). 3. The defendant contends that G. L. c. 221, § 27A, and S.J.C. Rule 3:08, 351 Mass. 785 (1966), operated to deprive him of his rights to due process in that the unavailability of the District Court records and the transcript of proceedings in the Superior Court have deprived him of the opportunity to meet his burden of proof on his motion. We do not reach any such constitutional question as there is no indication that the defendant caused any search to be made of the records of the District Court or that the clerk of that court was summoned to produce records pertaining to the proceedings in that court which were of concern; nor does the letter from the court reporter state anything more than that a diligent search of the stenographic records of the Superior Court had been made and that none could be found relating to the cases now before us. There is no indication in the record that any claimed unavailability of those documents was in any way the result of action taken pursuant to that statute or that rule. Nor does it appear that this issue was raised in the trial court. *Young* v. *Mobil Oil Corp.* 4 Mass. App. Ct. 805 (1976).

*Judgment affirmed.*

*James B. Krasnoo (Stephen J. Buchbinder* with him) for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.