COMMONWEALTH *vs.* HERBERT G. EARL, JR.

Berkshire.   November 7, 1984. — January 23, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal,* Plea.

An appeal from the denial of a criminal defendant's motion for leave to
    withdraw pleas of guilty presented no basis for rejecting the motion
    judge's findings of fact and conclusions of law respecting the voluntar-
    iness of the pleas. [740]

A criminal defendant's pleas of guilty, received in 1974, were not rendered
    constitutionally defective by the judge's failure to inform the defendant
    that any guilty plea would waive the presumption of innocence and the
    right to require the Commonwealth to prove beyond a reasonable doubt
    each element of the offenses charged. [740-742]

INDICTMENTS found and returned in the Superior Court on
April 2, 1974.

A motion for leave to withdraw pleas of guilty, filed on
March 2, 1981, was heard by *William W. Simons,* J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Thomas T. Merrigan* for the defendant.

*Robert J. Carnes,* Assistant District Attorney, for the Com-
monwealth.

WILKINS, J. On April 19, 1974, after the defendant had
pleaded guilty to three indictments, a Superior Court judge
sentenced the defendant to three concurrent life sentences to
be served from and after any sentence he was then serving.
On March 2, 1981, the defendant filed a motion to withdraw
his guilty pleas. A hearing on the motion was held before a
different Superior Court judge (the motion judge) because the
judge who had taken the guilty pleas (the plea judge) had
retired. The motion judge concluded that the defendant's pleas

of guilty were voluntary and denied the defendant's motion to withdraw his guilty pleas. The defendant appealed, and we took the appeal on our own motion. We affirm the motion judge's order.

At the hearing before the plea judge an assistant district attorney recited the facts on which the charges against the defendant were based, and the defendant agreed that they were true. The judge advised the defendant that he had a right to a trial before a jury or a judge to determine his guilt or innocence, that he did not have to testify about his alleged involvement in the crimes charged, that he had a right to require witnesses to testify under oath and subject to cross-examination by his attorney, and that he could produce evidence on his own behalf. The defendant acknowledged that he understood that he was giving up those rights and that his guilty pleas were a complete confession to each of the crimes. He said that he was pleading guilty freely, willingly, and voluntarily with full knowledge of the nature of the charges against him. The plea judge further advised the defendant that the judge was not bound by any sentencing recommendation and that he could sentence the defendant to three consecutive life sentences. The defendant said he understood. The judge explained to the defendant the possibility and sentencing consequences of his being determined to be a sexually dangerous person. The defendant denied that he had been threatened or forced to plead guilty and agreed that he had discussed the facts with his attorney. He acknowledged that he would not be eligible for parole on any life sentence until he had served fifteen years. The defendant said he was not confused by the proceeding. The judge accepted the pleas, rejected recommended sentences of from six to nine years, imposed the concurrent life sentences described above, and ordered certain other charges placed on file, with the defendant not objecting thereto.

The motion judge received a transcript of the 1974 guilty plea proceeding and heard testimony from the defendant and counsel who represented him in that proceeding. He found that the defendant had been aware in 1974 of the strong case against him and had known that his parole had been revoked on an un-

related crime for which he had several years to serve. The motion judge concluded that the defendant had understood the plea proceedings and had pleaded guilty willingly and freely with full understanding that the plea judge would not be bound by any sentencing recommendations.

1. The only issue presented to the motion judge, and thus the only issue strictly before us in this appeal, concerns the voluntariness of the defendant's guilty pleas. There is no basis for rejecting the judge's findings of fact and conclusions of law on this issue. See *Commonwealth* v. *Perry,* 389 Mass. 464, 466 (1983); *Commonwealth* v. *Huot,* 380 Mass. 403, 409-410 (1980); *Commonwealth* v. *Hubbard,* 371 Mass. 160, 168 (1976).

2. On appeal the defendant argues for the first time that, as a matter of constitutional due process, the guilty pleas were defective because the plea judge did not tell him that any guilty plea would waive his presumption of innocence and his right to have the Commonwealth prove each element of the offenses charged beyond a reasonble doubt.[1] This ground was not raised in the defendant's motion to withdraw his pleas, as it should have been for the motion judge or for us to consider it. Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979). It was not argued orally to the motion judge.

Although under rules of court in some States a judge must advise a defendant that a guilty plea waives his right to require the prosecution to prove his guilt beyond a reasonable doubt,[2]

---

[1] Under Mass. R. Crim. P. 12 (c) (3) (A), 378 Mass. 866 (1979), and *Boykin* v. *Alabama,* 395 U.S. 238, 243 (1969), a plea judge, on the record and in open court, must tell the defendant that a guilty plea waives his right to trial with or without a jury, his right to confront witnesses against him, and his privilege against self-incrimination.

[2] Michigan has a detailed rule concerning the acceptance of guilty pleas which requires the judge to tell the defendant that, if his plea is accepted, he gives up various rights, including "the right . . . (iii) to be presumed innocent until proved guilty; [and] (iv) to have the prosecutor prove beyond a reasonable doubt that he is guilty" Mich. Gen. Ct. Rule 785.7 (1) (c) (1984). See *Guilty Plea Cases,* 395 Mich. 96, 119 (1975), cert. denied sub nom. *Sanders* v. *Michigan,* 429 U.S. 1108 (1977), discussing a predecessor rule to the same general effect. In Ohio, a judge is instructed by rule not to accept a plea of guilty in a felony case without "[i]nforming [the defendant]

no such requirement is set forth in Massachusetts Rules of Criminal Procedure (see rule 12 [c]). Such a disclosure is not required under the Constitution of the United States. See *Boykin* v. *Alabama*, 395 U.S. 238, 242-244 (1969); *Commonwealth* v. *Fernandes*, 390 Mass. 714, 715 (1984). Neither Massachusetts nor any other State, as far as we can tell, has established such a disclosure as a State constitutional requirement. Two State courts have explicitly rejected a requirement that a plea judge advise a defendant of the presumption of innocence. See *State* v. *Aranda*, 118 Ariz. 21, 22 (Ct. App. 1978); *State* v. *Beaulieu*, 119 N.H. 311, 314 (1979). If we were to adopt such a requirement, either as a constitutional principle or as a rule of court, this defendant would not be aided because we would not make the rule retroactive. See *Commonwealth* v. *Leate*, 367 Mass. 689, 693 (1975); *Huot* v. *Commonwealth*, 363 Mass. 91, 100 (1973); *Andrews* v. *Commonwealth*, 361 Mass. 722, 726 (1972). The requirements of the *Boykin* case have not been applied retroactively. See *Huot* v. *Commonwealth, supra; Dominguez* v. *Henderson*, 447 F.2d 207, 209 (5th Cir. 1971), and cases cited. Cf. *Halliday* v. *United States*, 394 U.S. 831, 833 (1969) (interpretation of Fed. R. Crim. P. 11 concerning guilty pleas not applied retroactively). Moreover, in this case, where the defendant had heard witnesses against him at a probable cause hearing and admitted to the correctness of the factual bases of the charges (see Mass. R. Crim. P. 12 [c] [5] [A]), there certainly was no need for his further acknowledgment that he was waiving the right to be presumed innocent until each element of the crimes charged

and determining that he understands that by his plea he is waiving his rights . . . to require the state to prove his guilt beyond a reasonable doubt at a trial . . .." Ohio R. Crim. P. 11 (C) (2) (c) (1973), discussed in *State* v. *Ballard*, 66 Ohio St. 2d 473, 474 (1981). A reporter's comment to Rule 319 of the Pennsylvania Rules of Criminal Procedure, concerning pleas and plea agreements, indicates certain essential questions a judge should ask, including "Does the defendant understand that he is presumed innocent until he is found guilty?" Rules Committee Comments to Pa. R. Crim. P. 319, Pa. Cons. Stat. Ann., Rules of Criminal Procedure at 298 (Purdon, Supp. 1984). A guilty plea taken without referring in precise words to the presumption of innocence was upheld in the circumstances disclosed in *Commonwealth* v. *Best*, 480 A.2d 1245 (Pa. Super. 1984).

was proved beyond a reasonable doubt. See *Commonwealth v. Swift*, 382 Mass. 78, 83-84 (1980); *Commonwealth* v. *Huot*, 380 Mass. 403, 410 (1980).

For the future, when a judge concludes that he is satisfied that there is a factual basis for a charge to which a defendant is willing to plead guilty, but the defendant does not acknowledge all the elements of the factual basis, it would be better practice for the plea judge to advise the defendant that his guilty plea waives his right to be presumed innocent until proved guilty beyond a reasonable doubt.

*Order affirmed.*