COMMONWEALTH vs. ROBERT S. WILSON
(and twenty-six companion cases [1]).

Norfolk.  May 2, 1989. — June 26, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Electronic Surveillance. Evidence*, Wiretap. *Search and Seizure*, Electronic
surveillance, Probable cause. *Probable Cause.*

The affidavit of a State trooper in support of an application for a warrant
authorizing wiretaps on two telephones within the Massachusetts Correc-
tional Institution, Cedar Junction, furnished a reliable basis for a Superior
Court judge to conclude, as required by G. L. c. 272, § 99 E 3, that
other normal investigative techniques were not likely to succeed. [249-250]

A wiretap warrant and application described with the particularity required
by G. L. c. 272, § 99 F 2 (*b*) & (*d*), the persons whose telephone
communications were to be intercepted and the nature of the communi-
cations sought to be overheard. [250-251]

An application for a warrant to authorize a wiretap, supported by an affi-
davit of a State trooper, contained a statement of facts sufficient to
establish probable cause, as is required by provisions of the applicable
statute, G. L. c. 272, § 99 F 2 (*a*) & (*b*). [251]

This court declined to consider an argument raised for the first time on appeal.
[251-252]

INDICTMENTS found and returned in the Superior Court De-
partment, eleven on April 24, 1987; fourteen on May 29, 1987;
and two on October 26, 1987.

A pretrial motion to suppress evidence was heard by *James
F. McHugh*, J.

---

[1] One indictment against Robert S. Wilson, two against Robert E. Lee,
Jr., five against Ellen M. Smith, two against June Leger, five against
Frederick I. Pidge, four against Pamela Toy (two returned in Norfolk
County, two transferred from Middlesex County), two against James E.
Connors, two against Nancy Blickenstaff, one against James E. Brogna,
one against John DeCologero, and one against Denise Gerrin.

An application for leave to prosecute an interlocutory appeal was allowed by *Liacos*, J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him.

*John T. Lu*, Committee for Public Counsel Services, for Robert E. Lee, Jr.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.

*Albert C. Bielitz, Jr.*, for Robert S. Wilson & another, was present but did not argue.

*Ronald J. Chisholm*, for Pamela Toy, was present but did not argue.

*Bernard Grossberg*, for Frederick I. Pidge, was present but did not argue.

*Peter Costanza, Andrew H. Good, John Reinstein, & Martin C. Gideonse*, for Harvard Prison Legal Assistance Project & others, amici curiae, submitted a brief.

NOLAN, J. The subject of this appeal is the denial of a motion to suppress the fruits of intercepted wire communications (wiretapping) from two telephones located in the Massachusetts Correctional Institution, Cedar Junction. An application for such interception had been granted by a judge in the Superior Court in connection with an investigation of drug trafficking in the prison. The defendants appealed the denial of the motion to suppress to a single justice of this court who allowed an application for an interlocutory appeal to the full court. We affirm the denial of the motion to suppress.

The defendants assert four grounds for reversal. We discuss facts found by the motion judge as they pertain to the issue under review.

1. *Failure of normal investigative procedures.* General Laws c. 272, § 99 E 3 (1986 ed.), provides that a warrant authorizing a wiretap may issue only on a showing that "normal investigative procedures have been tried and have failed or reasonably appear unlikely to succeed if tried." One of the targets of the investigation, Kathleen A. Peterson (Peterson), was not an inmate. Officials had strong reason to believe that she was smuggling drugs into the prison. Law enforcement officers encountered great difficulty in trying to conduct a surveillance of her. The location of her home did not lend

itself to physical surveillance. See *United States* v. *Gambale*, 610 F. Supp. 1515, 1540-1541 (D. Mass. 1985), aff'd, *United States* v. *Angiulo*, 847 F.2d 956 (1st Cir.), cert. denied sub nom. *Cincotti* v. *United States*, 109 S. Ct. 138 (1988), and cert. denied sub nom. *Anguilo* v. *United States*, 109 S. Ct. 314 (1988).

Law enforcement officials encountered difficulties in observing the activities of the defendants James E. Connors and Frederick I. Pidge, inmates at the prison, because they acted in such a clandestine manner that they had been able to smuggle drugs into the prison despite security precautions. Prisoner informants were fearful of retribution. See *United States* v. *Woods*, 544 F.2d 242, 257 (6th Cir. 1976), cert. denied, 429 U.S. 1062, and 430 U.S. 969 (1977). Officials tried and failed to discover the method of smuggling drugs into the prison. The Commonwealth need not show that traditional investigative techniques were wholly unsuccessful or that the police had exhausted all other investigative procedures before filing its application for a warrant authorizing a wiretap. *United States* v. *Abou-Saada*, 785 F.2d 1, 11 (1st Cir.), cert. denied sub nom. *Tannous* v. *United States*, 477 U.S. 908 (1986). The affidavit of a State trooper furnished a reliable basis for the judge's conclusion that other investigative techniques were not likely to succeed. See *United States* v. *Southard*, 700 F.2d 1, 28 (1st Cir.), cert. denied sub nom. *Ferris* v. *United States*, 464 U.S. 823 (1983).

2. *Lack of particularity.* The defendants complain that the warrant and the application lacked the specificity required by G. L. c. 272, § 99 F 2 (*b*), which provides that the communications to be intercepted must be of a "particularly described person." The statute also requires particularity in the application as to "the nature of the oral or wire communications sought to be overheard." § 99 F (2) (*d*).

These requirements were met, since the warrant authorized the police to intercept the telephone communications between Peterson and prisoners Pidge and Connors, on two specifically designated telephones in the prison. Also the warrant referred to conversations providing evidence concerning the specific

offenses of possession and sale of cocaine or Dilaudid. See *Commonwealth* v. *Vitello*, 367 Mass. 224, 232 (1975). Despite arguments to the contrary, the record fails to disclose a single instance of an interception of privileged communications. The defendants have not pointed to one irrelevant or "innocent" intercepted conversation. See *United States* v. *Pine*, 473 F. Supp. 349, 355 (D. Md. 1978).

3. *Probable cause.* The defendants argue that the application for the warrant failed to reveal facts which establish probable cause. The statute requires that the application contain such facts. § 99 F 2 (*a*), (*b*). The judge ruled that the application contained an abundance of facts which satisfied the requirement of probable cause. A thirty-page affidavit from a State trooper, thoroughly experienced in drug investigations, contains information from reliable informants of widespread drug trafficking within the prison. Five inmates furnished detailed information of sales of drugs within the institution. The trooper had conversations with inmates who had observed cocaine in Connors's cell and one inmate revealed that he delivered bags of cocaine to other inmates for Connors and sold Dilaudid for Pidge. Peterson frequently visited Connors in prison. Five informants told police or correction officials that they had purchased narcotics inside the prison from Connors and Pidge. At least one of these informants was of demonstrated reliability. They told the authorities that they paid for the drugs in part, at least, with checks sent to Peterson after Connors or Pidge told them to do so. These checks were deposited in Peterson's bank account. During one six-month period, Peterson's telephone records revealed that she received 410 collect calls from either of the prison telephones covered by the wiretap (only by calling "collect" could an inmate make a call).

In viewing the application as a whole in a common sense manner (see *Commonwealth* v. *Cefalo*, 381 Mass. 319, 329-330 [1980]), the judge's conclusion that there was probable cause was correct.

4. *Scope of 18 U.S.C. § 2516(2).* The defendants for the first time seek to raise the question whether the evidence sought is outside the scope of the Federal statute. 18 U.S.C. § 2516(2)

(1982). Having failed to raise this issue in the trial court, the defendants will not be heard to argue it on appeal for the first time. Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979). See *Commonwealth* v. *Earl,* 393 Mass. 738, 740 (1985).

5. *Conclusion.* The motion judge made carefully crafted findings which are wholly supported in the record. There has been no error. Accordingly, the denial of the motion to suppress is affirmed.

*So ordered.*