Commonwealth v. Brady.

COMMONWEALTH vs. GEORGE L. BRADY.

Suffolk.   March 24, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Practice, Criminal,* Jury trial.  *Constitutional Law,* Trial by jury, Due process of law.  *Grand Jury.*

Art. 12 of the Declaration of Rights of the Massachusetts Constitution guarantees to a defendant in a criminal case a jury trial only on the issues of fact which determine his guilt or innocence.  [214]

An indicted defendant does not have a right to a trial by jury on the question of fact as to whether an unauthorized person was present in the grand jury room during the testimony of the defendant before the grand jury.  [214, 215]

FOUR INDICTMENTS found and returned in the Superior Court on May 31, 1962.

The case was reported by *Hennessey,* J.

The case was submitted on briefs.

*Robert F. Muse* for the defendant.

*Albert F. Cullen, Jr., & Ruth I. Abrams,* Assistant Attorneys General, for the Commonwealth.

SPALDING, J.   The defendant is awaiting trial on four indictments.   Two indictments (no. 8184 and no. 8185) charge larceny, and two (no. 8186 and no. 8187) charge conspiracy to commit larceny.   He filed, by leave of court, a motion to dismiss the indictments on the ground that an unauthorized person was present in the grand jury room during the proceedings which resulted in the indictments. He has appended to the motion his affidavit which, if believed, will show that Lieutenant Edward Schofield of the Massachusetts State police was present in the grand jury room while the defendant was testifying in connection with the indictments.   The Commonwealth will produce evidence which, if believed, will show that Schofield was not present in the grand jury room during the proceedings

giving rise to these indictments. It is agreed that Schofield was not a person authorized to be in the grand jury room during the proceedings in question.

The defendant claimed a jury trial in connection with his motion to dismiss. It is agreed that an' issue of fact is presented, namely, whether Schofield was present in the grand jury room during the jury's proceedings. The judge, being of opinion that a question of law was presented of such doubt and importance as to require the decision of this court, reported the matter without decision. G. L. c. 278, § 30A. The question reported is: "Does the defendant have a right to a trial by jury on the question of fact as to whether an unauthorized person was present in the grand jury room during the testimony of the defendant before the grand jury"?

Article 12 of our Declaration of Rights secures to a defendant in a criminal case the right to a trial by jury. But it does not follow that a defendant has a right to have every aspect of a criminal case tried to a jury. That he has no such right was decided in the recent case of *Commonwealth* v. *L'Italien*, 352 Mass. 424. There the defendant, who was represented by counsel, pleaded guilty in the Superior Court to ten indictments and was sentenced on one of them. Thereafter, he filed a motion to vacate his plea of guilty on the ground that it was not voluntary. The motion, which was heard by a judge without a jury, was denied. On exceptions to this court the sole question presented was whether the defendant was entitled, as of right, to have the issues of fact raised by the motion, submitted to a jury. In overruling the exceptions we said, at page 426, "It has never been required that a jury hear and determine every issue of fact raised prior to and after a trial of one accused of crime in order to afford him due process of law. . . . The defendant was entitled to a jury trial only on those issues of fact raised by the indictment and in pleading thereto."

There is an analogy in pre-trial motions to suppress evidence on the ground of an unconstitutional search and seizure. We have frequently held that whether the search

was illegal was for the judge and not for the jury. *Commonwealth* v. *LaBossiere,* 347 Mass. 384, 387. *Commonwealth* v. *Roy,* 349 Mass. 224, 229. *Commonwealth* v. *Rogers,* 351 Mass. 522, 530. *Commonwealth* v. *LePage,* 352 Mass. 403, 410. *Shaw* v. *Commonwealth,* 354 Mass. 583, 586, and cases cited.[1] Often such motions involve issues of fact as well as law, but the legality of the search is none the less a question for the judge.

The defendant is not aided by G. L. c. 278, § 2, which provides that "Issues of fact joined upon an indictment or complaint shall, in the superior court, be tried by a jury . . . unless the person indicted or complained against elects to be tried by the court as provided by law." This provision is declaratory of the right secured by art. 12, which guarantees to a defendant a jury trial only on the issues of fact which determine his guilt or innocence. It does not extend the right to jury trial to pre-trial matters of the sort here involved.

It follows that the answer to the question reported should be in the negative. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[1] The rule in the Federal courts is the same. *Steele* v. *United States No. 2,* 267 U. S. 505, 510–511. *Ker* v. *California,* 374 U. S. 23, 33.