Following a jury trial in the District Court,[2] the defendant, Mark S. Tinsley, was convicted of one count of assault and battery on a police officer (ABPO), resisting arrest, disorderly conduct, and carrying a dangerous weapon.[3] On appeal, the defendant challenges evidentiary rulings, jury instructions, and orders denying his two motions to dismiss, a motion to suppress, and a motion for a new trial.[4] We affirm.
Background.[5] This case began with a traffic stop that escalated into a violent encounter between a motorist and the police. At 9:15 P.M. on May 27, 2012, Detective Joseph Godino and Officer Greg Reardon were on patrol in an unmarked sport utility vehicle (SUV). Traveling southbound on Hollis Street, the officers noticed a dark Nissan Maxima sedan turning onto Hollis Street. Detective Godino ran a license plate check of the Nissan, using the SUV's computer.[6] The officers trailed behind the Nissan as it proceeded onto Winthrop Street; they lost sight of the car when it sped off. The officers estimated that the Nissan was traveling at a speed between forty-five and fifty miles per hour (mph) in a twenty-five mph zone.
Approaching the end of Winthrop Street, the officers again observed the Nissan. After it turned onto Waverly Street, Officer Reardon activated the SUV's blue lights to stop the Nissan, which promptly came to a halt at the side of the road without incident. Detective Godino exited the SUV and approached the Nissan on its passenger side. The defendant was the sole occupant of the Nissan. Officer Reardon first observed the defendant look back in the direction of the SUV. Detective Godino testified that he observed the defendant move his left hand down between the driver's door and seat area. Detective Godino warned Officer Reardon that the driver "was reaching for something." On at least one more occasion, Detective Godino observed the defendant moving his left hand down and toward the driver's door or seat, as if the defendant was "trying to either stuff something or grab" an item in that area. Detective Godino told Officer Reardon to get the defendant out of the vehicle. Officer Reardon spoke with the defendant, asking him to produce his license and registration, which he did without incident. Officer Reardon also asked the defendant to step out of the Nissan. The defendant asked why. Both officers repeatedly instructed the defendant to step out of the Nissan.[7] The defendant refused. The defendant indicated that he did not want to get out because he had been arrested by Officer Reardon during a prior incident, when he was also asked to get out of the vehicle. Detective Godino called for back-up. Three officers responded. The officers asked the defendant repeatedly-some fifty to eighty times-to get out of the Nissan.
Ultimately, the five officers forcibly removed the defendant from his car. The defendant sustained injuries, including a broken nose and finger.[8] No officer was injured. The police officers found a knife on the ground, close to the spot where the defendant was handcuffed. Later that same evening, during the booking process, an officer found a small amount of marijuana (less than one ounce in weight) on the defendant.
Discussion. 1. Motion to suppress. The defendant claims that the motion judge erred in denying his motion to suppress the knife and marijuana, as the police unlawfully stopped the defendant and asked him to exit the vehicle. We disagree.
As a general matter, in the context of a routine traffic stop, "once a stopped driver has produced the necessary papers and they are found to be in order, he and his passengers are to be promptly released." Commonwealth v. Gonsalves, 429 Mass. 658, 668 (1999). However, "[w]hen the police are justified in stopping an automobile for a routine traffic violation, they may, for their safety and the safety of the public, order the driver or the passengers to leave the automobile, but only if they have a reasonable belief that their safety, or the safety of others, is in danger." Commonwealth v. Torres, 433 Mass. 669, 673 (2001). An officer is justified in issuing an exit order to a driver or a passenger when "a reasonably prudent man in the policeman's position would be warranted in such a belief." Ibid. (quotation omitted).
Here, the motion judge correctly determined that the police had a valid reason for stopping the Nissan and that the exit order was valid. The Nissan was stopped for speeding. Thereafter, Detective Godino observed the defendant, more than once, using his left hand to reach down between the door and driver's seat, in a manner that was suggestive of retrieving or concealing an object. The act of retrieving or concealing heightened the safety concern inherent in every automobile stop and provided an objectively reasonable basis for the officers to take the protective measure of an exit order. See Commonwealth v. Stampley, 437 Mass. 323, 327 (2002), and cases cited.
2. Motions to dismiss. a. Speedy trial. The defendant argues that the motion judge erred in denying his motion to dismiss all charges on the grounds that the twenty-four month delay between his arraignment and retrial violated his speedy trial rights under the Sixth Amendment to the United States Constitution, art. 11 of the Massachusetts Declaration of Rights, and Mass.R.Crim.P. 36, as amended, 422 Mass. 1503 (1996). We review de novo the denial of the speedy trial motion to dismiss. Commonwealth v. Williams, 475 Mass. 705, 714 (2016).
The defendant simply asserts that the Commonwealth failed to meet its burden to justify the delay in bringing him to trial.[9] We need not resolve this issue as upon retrial, the speedy trial clock is reset and the trial "shall commence within one year after the date the action occasioning the retrial becomes final." Mass.R.Crim.P. 36(b)(1)(D).[10] The Supreme Judicial Court has explained that the word "final" as used in rule 36(b)(1)(D)"is intended to provide for a reasonable accommodation of [an accused's] speedy trial rights and the need for an orderly appellate process." Commonwealth v. Levin, 390 Mass. 857, 860-861 (1984). Neither the Commonwealth nor the defendant appealed from the judge's declaration of a mistrial and order for retrial. That order, thus, was final as of the date of issuance, January 28, 2014. Pursuant to rule 36(b)(1)(D), the Commonwealth was required to bring the defendant to trial no later than January 28, 2015. Here, a retrial commenced on October 27, 2014. The defendant's motion to dismiss, whether based on a speedy trial claim under constitutional provisions or under rule 36, was properly denied.
b. Double jeopardy. The defendant claims error in the denial of his motion to dismiss on double jeopardy grounds.[11] In essence, he contends that the Commonwealth goaded him into moving for a mistrial and, therefore, that principles of double jeopardy barred a retrial. We agree with the motion judge that the Commonwealth's failure to produce a supplemental police report was due to its negligence or inadvertence,[12] far short of the type of egregious prosecutorial misconduct designed to cause a mistrial for which dismissal is warranted. See Commonwealth v. Durand, 475 Mass. 657, 672-673 (2016).
3. Evidentiary rulings. a. Prior convictions. The defendant claims that it was error for the trial judge to admit evidence of his prior convictions, contending that they were not relevant and were extremely prejudicial. See Commonwealth v. Little, 453 Mass. 766, 773 (2009). A judge may allow use of evidence of a witness's past convictions for impeachment when inclusion of such evidence bears on a witness's credibility. Commonwealth v. Whitman, 416 Mass. 90, 93 (1993). Here, the prior convictions-for distribution of a class B drug, and possession with intent to distribute a class B drug (both felony convictions, G. L. c. 94C, § 32A, for which the defendant had been sentenced to committed time within the past ten years)-were dissimilar to the currently charged offenses. As the defendant's version of the events underlying the instant charges was at significant odds with the officers' accounts, his credibility was in issue at trial. The past convictions need not be of a character that bear directly upon truthfulness or honesty. See Commonwealth v. Smith, 450 Mass. 395, 407 (2008). The judge gave an appropriate limiting instruction to caution and guide the jury's consideration of this evidence for its limited purpose. See Commonwealth v. Shruhan, 89 Mass. App. Ct. 320, 325 (2016) ("The jury are presumed to follow the instructions given by the judge"). See also Commonwealth v. Roucoulet, 22 Mass. App. Ct. 603, 608 (1986). We discern no abuse of discretion.
b. Prior arrest. Over objection, Officer Reardon testified that he knew the defendant from a prior arrest. The defendant argues that he was unduly prejudiced by this evidence. It is uncontested that, at the scene, the defendant stated that he "knew" Officer Reardon because the officer had arrested him on a prior occasion. The defendant's admission was relevant to his state of mind when Officer Reardon asked him to step out of the Nissan. See Commonwealth v. Chalifoux, 362 Mass. 811, 816 (1973). The probative value of this material evidence was not substantially outweighed by the prejudice to the defendant.[13] See Commonwealth v. Robidoux, 450 Mass. 144, 158 (2007). The evidence added context to the officers' mounting safety concerns. See Commonwealth v. Cordle, 404 Mass. 733, 744 (1989).
c. Evidence of § 1983 action. Over an objection, the Commonwealth was permitted to introduce evidence that the defendant had filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the town and police officers. The defendant argues that this was an egregious error, which had the effect of infringing upon his right to a fair trial. The pendency of the civil action was an appropriate subject for the prosecutor to make inquiry upon during cross-examination, given its implicit materiality as to the defendant's possible bias. See Commonwealth v. Elliot, 393 Mass. 824, 826-830 (1985). The evidence may also have had a similar cross-effect as to the officers who testified. It was not an abuse of discretion to admit this evidence.
4. Jury charge. The defendant asserts it was error for the trial judge not to give certain requested jury instructions concerning the lawfulness of the traffic stop and exit orders.[14] It has long been the law in this Commonwealth that these subjects involve legal issues for the court to decide in acting on a motion to suppress, and are not for a jury to revisit. See Commonwealth v. Brady, 357 Mass. 213, 214-215 (1970). The trial judge properly refused to give the proposed instructions.
5. Motion for new trial. Without a hearing, the trial judge denied the defendant's motion for a new trial. The defendant claims in part that there was no evidence that he used the knife in a dangerous manner and therefore he was entitled to a new trial. Prior to trial, the Commonwealth amended the complaint, without objection, to allege that the confiscated knife was spring assisted. The jury were instructed as to the carrying a dangerous weapon portion of the statute, and not the carrying a dangerous weapon while arrested portion of the statute. See G. L. c. 269, § 10(b ). There was no error. The evidence was sufficient to support the conviction and the defendant's motion for a new trial was properly denied.[15]
Judgments affirmed.
Order denying motion for new trial affirmed.

At an earlier trial, when the Commonwealth acknowledged its failure to provide counsel with certain mandatory discovery, the defendant moved for a mistrial. The judge allowed that motion, dismissed the jury, and ordered a retrial. Later, with his new counsel, the defendant filed two motions to dismiss and a motion to suppress, all of which were denied.

The defendant was acquitted of one count of ABPO. He was also found not responsible for the civil infraction of speeding.

It appears that there was no notice of appeal filed as to the order denying the motion for new trial. However, the issues have been fully briefed by the parties and we exercise our discretion to address the propriety of the order.

So far as relevant to the issues in this appeal, there were no material differences between the evidence at trial and at the hearing on the motion to suppress.

Detective Godino testified that the license plate query listed "Marquis Tinsley" as the registered owner.

At this point, the Nissan's engine was still running. Detective Godino noticed the defendant reach for the gear shift in the center console. While the defendant's attention was focused on Officer Reardon, Detective Godino reached into the Nissan, shut the engine off, and took the key out of the ignition. Detective Godino then put the key on the roof, out of the reach of the defendant.

After the defendant refused to exit the Nissan, three police officers tried to pull him out. When Detective Godino saw the defendant pushing back against one of the other police officers, he punched the defendant on the side of the face and in the chest. Before he could be handcuffed, the defendant had been punched two more times, kneed in the back while lying face down, and sprayed with pepper spray.

The Commonwealth made a detailed showing, based on the trial court's docket sheets, that when time periods of justifiable delay were accounted for and excluded-due to reasons such as changes of counsel for the defendant, absence of an objection to trial continuances, and court congestion, no speedy trial violation had occurred.

Though rule 36 is primarily a rule of case management, it was also designed to "quantify the time limits beyond which a defendant's speedy trial rights shall be deemed to have been denied," and to facilitate a defendant's constitutional right to a speedy trial. Commonwealth v. Taylor, 469 Mass. 516, 517 n.2 (2014) (citation omitted).

The double jeopardy clause of the Fifth Amendment to the United States Constitution protects an accused from multiple prosecutions or punishments for the same offense. Commonwealth v. Selavka, 469 Mass. 502, 509 (2014). Such protections are also afforded an accused under the law of this Commonwealth. See G. L. c. 263, §§ 7, 8, 8A ; Lydon v. Commonwealth, 381 Mass. 356, 366 (1980).

"The grant of a mistrial followed by a new trial is the relief typically granted where a defendant is prejudiced by a prosecutor's failure to disclose properly exculpatory, material evidence." Commonwealth v. Gallarelli, 399 Mass. 17, 24 (1987) (citation omitted).

The defendant also argues that it was error to allow the Commonwealth to make reference to marijuana recovered from him upon his arrest. Possession of one ounce or less of marijuana was in May, 2012, a civil infraction under Massachusetts law. See G. L. c. 94C, § 32L, as appearing in St. 2008, c. 387, § 2. The harm, if any, from this evidence was inconsequential given the jury's verdict.

On appeal, the defendant claims that the jury should have been advised that he was not under arrest when the police pulled him out of the car. The defendant did not request such an instruction at trial, and justice did not likely miscarry from the absence of such an instruction in the charge.

To the extent that we have not addressed other issues raised by the defendant, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).